DISCIPLINARY PROCEEDINGS
PER CURIAM.*
Respondent, Connie Weleome-Sadler, was charged in 1995 with six counts of formal *677 charges by disciplinary counsel. The conduct, all of which occurred prior to 1990, involved several instances of failure to refund unearned fees and two instances of commingling and conversion of client funds.[1] Subsequently, respondent made restitution to all the complainants.
Respondent initially filed a motion for consent discipline, which was rejected by the disciplinary board.[2] Thereafter, formal charges were filed, and a hearing was held before the hearing committee. Respondent filed an untimely response through her counsel, essentially admitting all of the formal charges. She proposed to the committee that it find her previously-rejected consent discipline to be appropriate. Disciplinary counsel timely submitted his prior concurrence in the previously-rejected proposed discipline.
The hearing committee concluded that respondent had violated Rules 1.2, 1.4, and 1.15(a), (b) of the Rules of Professional Conduct and recommended a three year suspension | ¿followed by a three year probationary period wherein respondent’s trust account would be audited semi-annually by a certified public accountant paid for by respondent. It further recommended that upon ultimate disposition by this court, the respondent personally hand-deliver a copy of the disposition to each of her former clients, proof of which would be by affidavit to the Office of Disciplinary Counsel.
The disciplinary board concurred with the hearing committee’s findings. However, the board found the recommended sanction was excessive under the facts. In support, the board relied on the existence of several mitigating factors. First, it found that in the two most serious charges, those involving commingling and conversion of funds, the victims were repaid and requested that the charges be dropped. It pointed out that respondent made restitution to the four remaining complainants, although it recognized that restitution was not made for a substantial period of time. Significantly, it found there was an inordinate delay in the prosecution of the disciplinary charges, since the charges were not filed until approximately five years after the acts took place. Although there were multiple charges, the board found they occurred within a defined period of time when respondent was experiencing economic distress and emotional turmoil by her sister’s death. It noted that respondent cooperated by providing a full and free disclosure to disciplinary counsel and allowing the charges to be deemed admitted. Finally, it found respondent has expressed remorse for her misdeeds and, other than the complaints alleged herein, has exhibited good character and reputation.
Based on these factors, the disciplinary board concluded that a downward deviation in the recommended discipline was appropriate. The disciplinary board recommended a one year suspension, with all but ninety (90) days being deferred, followed by a two year *678 probationary period, during which time the respondent’s trust account would be audited semi-annually by a certified public accountant at respondent’s expense. The disciplinary board further recommended the assessment of costs to respondent.
Neither disciplinary counsel nor respondent filed objections to the disciplinary board’s recommendation in this court.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
laAccordingly, it is ordered that respondent be suspended for a period of one year, with all but ninety days being deferred, to be followed by a two year period of probation during which time respondent’s trust account will be audited semi-annually by a certified public accountant at respondent’s expense. It is further ordered all costs of these disciplinary proceedings are assessed to respondent.
LEMMON and KIMBALL, JJ., vote to docket the case for oral argument and consider a more severe penalty.

 MARCUS, J., not on panel. Supreme Court Rule IV, Part 2, § 3.

. The most serious of the commingling and conversion charges arose from respondent’s representation of Willie Mae Thomas and Sandra Joseph in personal injury litigation. Bank records indicated respondent withheld $1,766 from Ms. Thomas’ settlement funds on April 26, 1988 and $3,404 from Ms. Joseph’s settlement funds on October 7, 1988, allegedly for amounts owing pursuant to a lien in favor of the Bryant Chiropractic Clinic for the rendering of medical services. Bank records further showed the withheld funds were not placed in trust, and instead were commingled and then converted or diverted for respondent's personal use. On December 19, 1988, a complaint was filed with the Office of Disciplinary Counsel by Dr. Virgil Bryant. Subsequently, the clinic retained counsel and obtained a judgment against respondent on June 24, 1993. Five years after the settlement funds were withheld, respondent paid the clinic $5,420, a negotiated amount in satisfaction of the judgment.

. Prior to the formal charges being filed, and after a series of complaints against respondent and a six year investigation by the Office of Disciplinary Counsel, respondent petitioned for consent discipline on January 3, 1995. The proffered consent discipline would have suspended respondent from the practice of law for a period of 30 months, deferring the imposition of the suspension conditioned upon a two-year period of probation during which respondent’s trust account would be audited by a certified public accountant semi-annually. Disciplinary counsel concurred in the consent discipline finding mitigating factors outweighed the need for suspension. After a hearing, the disciplinary board issued a written ruling rejecting the consent discipline.