*691 ATTORNEY DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Glenn M. Constantino, Jr., an attorney licensed to practice law in the State of Louisiana. The charges allege respondent violated Rules 1.15(a) (failure to keep funds of a client or third party separate from attorney’s own funds), 1.15(b) (failure to refund and account for client funds), 8.4(b)(engaging in criminal acts which adversely reflect on his fitness to practice law) and 8.4(c)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that respondent settled several personal injury claims for clients and placed these funds in his client trust account. While he paid his clients the monies owed directly to them, he withheld the funds owed to third parties, such as medical providers, and would periodically remove these funds for his own use.[1]
Approximately one year later, respondent reported his misconduct to the ODC, the U.S. Attorney’s Office, the Federal Bureau of Investigation and the East Baton Rouge District Attorney’s Office. In his testimony, he stated he should have reported himself earlier, but was in “self-denial” stemming from his gambling habit. Additionally, respondent attempted to make reimbursement to all of the third parties whose funds he had taken.[2]
^PROCEDURAL HISTORY
In early 1997, respondent and the ODC filed a joint motion for interim suspension. This court granted the petition for interim suspension effective January 31, 1997 and directed the ODC to institute formal charges. In re Constantino, 96-3088 (La.1/23/97), 686 So.2d 847.
Thereafter, the ODC filed formal charges. Respondent admitted to the charges. As a result, the formal hearing was limited to the presentation of respondent’s mitigating evidence. Four witnesses testified on behalf of the respondent regarding his good character, his gambling addiction and efforts at rehabilitation. Respondent testified on his own behalf.
After the conclusion of the formal hearing, the hearing committee filed its report with the disciplinary board, making the following findings:
1. The respondent did violate those charges alleged herein by the ODC, as admitted by the respondent.
2. The respondent did self-report his wrong to all appropriate agencies, including the ODC.
3. The respondent did completely cooperate with the ODC, as acknowledged by Mr. Plattsmier [Chief Disciplinary Counsel] in argument before this committee.
4. The respondent does suffer from a compulsive disorder involving gambling.
5. The respondent acknowledges that he has this compulsive disorder and has become actively involved in attending meetings and counseling concerning this dysfunction.
6. That substance abuse counselor and psychiatrist believe that the respondent can practice under certain conditions and with certain safeguards.
7. The respondent has displayed sincere remorse and regret that his actions have caused to the legal community, his family, his clients and to himself.
*692 8. The funds converted by the respondent did not involve funds that were paid directly to clients but involved amounts that were withheld from settlements to be paid to third parties. Although this is obviously a considerable wrong on the part of the respondent, it would have been even more reprehensible if he had actually taken the funds from the clients’ portion of recovery.
9. The respondent has made restitution of all amounts except approximately $700 to $800 owed to one provider and this provider has agreed to receipt of this payment over a period of time by respondent.
10. The respondent has no prior violations of the Code of Professional Conduct and no complaints have been made against ^respondent by any former client.
The hearing committee stated it was impressed with respondent’s candor and the fact that he attempted to voluntarily resolve his problems and has received outstanding professional assistance. Based on these factors, the committee recommended respondent be suspended from the practice of law for a period of two years, with several conditions upon reinstatement.[3]
On March 27, 1998, the disciplinary board filed its opinion with this court concurring in the findings of the committee. It recommended respondent be suspended from the practice of law for a period of two years, to run from the date of the interim suspension on January 31, 1997, as well as imposition of several conditions upon reinstatement.[4]
|4Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
CONCLUSION
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record filed herein, it is the decision of this *693 court that the disciplinary board’s recommendation that respondent be suspended from the practice of law for a period of two years be adopted.[5]
DECREE
Accordingly, it ordered that respondent, Glenn M. Constantino, Jr., be suspended from the practice of law for a period of two years, effective from the date of interim suspension, January 31, 1997. All costs of this matter in the amount of $1051.50 are assessed against respondent.

 Johnson, J. not on panel. Rule IV, Part 2, § 3.

. The total amount removed was approximately $58,000, although on occasion these amounts were replaced by respondent. Through the system of removing and replacing client trust account funds, the maximum deficit at any one time was between $10,000 and $15,000.

. The hearing committee noted that at the time of the hearing, respondent had apparently made full reimbursement to all of the third parties, except for one individual. The amount of this obligation was somewhere in the range of $700. Respondent made arrangements for periodic payments of this amount, which have been accepted by that individual.

.The committee proposed the following conditions to readmission:
1. Respondent shall be placed upon unlimited supervised probation under a probation monitor to be selected by the ODC. This probation should be subject to all of these conditions and should only be removed upon the approval of the ODC.
2. Respondent shall be required to complete any continuing legal education requirements before being authorized to practice law.
3. During the supervised probationary period, the respondent shall be obligated to employ a certified public accountant ("CPA”) to monitor all of his trust and operating accounts, at his own expense. The CPA is required to report to the ODC on a semi-annual basis.
4. The practice of law shall be conditioned upon the respondent attending Gamblers Anonymous at least three times per week and to see a certified counselor in gambling once a week. The counselor will submit reports to the disciplinary board on a semi-annual basis.
5. Before the respondent would be allowed to begin the practice of law, proof should be submitted that he has continued psychiatric treatment and that he has either been discharged from the care of that psychiatrist or diagnosed as capable of practicing law without detriment to his clients.
6. That before he should be allowed to practice, proof should be submitted that all amounts have been paid to any persons owed money from the conversions.
7. Respondent shall refrain from any other violations of the Rules of Professional Conduct. Upon respondent’s failure to comply with the terms of probation, the ODC should move for an immediate revocation of the respondent's probation and institute appropriate proceedings.
8.Respondent shall be assessed will all costs for this proceeding.

.The disciplinary board proposed the following conditions to reinstatement:
1. In the operation of any legal business, the respondent shall be obligated to employ a CPA to monitor all of his trust and operating accounts, at respondent’s own expense. The CPA is required to report to the ODC on a semi-annual or annual basis.
2. The practice of law shall he conditioned upon the respondent attending Gamblers Anonymous at least three times per week and to see a certified counselor in gambling once a week. The counselor will submit a report to the disciplinary board on a semi-annual or annual basis.
3. Since there is uncertainly as to the psychological problems, it is suggested and recommended respondent continue seeing the psychiatrist until discharged from the care of that psychiatrist.
4. Arrangements would be made for the payments of all monies that were owed as a result of these conversions.
5. Respondent would not be allowed to practice unless he showed proof that there were no other violations of the Professional Code.
6. Respondent shall be required to qualify with reference to continuing legal education, and should also be assessed will all costs in the amount of $1,051.50 for this proceeding.

. Both the hearing committee and disciplinary board also recommended that certain conditions of reinstatement be imposed. While these conditions appear reasonable in light of respondent’s prior problems, we take the view that it is more appropriate to address these concerns, along with other relevant factors, if and when petitioner applies for reinstatement.