ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM. *
This case arises from a petition for consent discipline filed by respondent, John T. Holmes. Respondent has stipulated to converting funds belonging to third party medical providers, and seeks an eighteen month suspension from the practice of law.
UNDERLYING FACTS
The underlying facts are not in dispute. Respondent and Patrick Leitz[1] were partners in the law firm of Leitz, Kurzweg, and Holmes. Respondent was responsible for disbursements from the law firm’s trust account.
In two separate instances occurring in 1992 and 1993, Leitz obtained settlements on behalf of clients. Respondent placed the funds in the firm’s trust account, and clients were paid their share of the settlements. Although respondent deducted medical expenses in the amount of $2,000 and $4,351 respectively from the settlements, he failed to pay the third party medical providers.[2] Respondent stipulated that these funds were improperly placed in the operating account of the firm, in violation of Rule 1.15 [3] of the Rules of Professional Conduct.
DISCIPLINARY PROCEEDINGS
On July 17, 1998, pursuant to a joint petition filed by respondent and the Office of 12Pisciplinary Counsel (“ODC”), this court placed respondent on interim suspension. In re Holmes, 98-1892 (La. 7/17/98), 717 So.2d 1126.
Prior to the filing of formal charges, respondent filed a petition for consent discipline in which he admitted to converting and failing to safeguard third party funds. As a sanction, respondent proposed that he be suspended from the practice of law for a period of eighteen months. The ODC concurred in the petition for consent discipline, and the matter was submitted to the disciplinary board pursuant to Supreme Court Rule XIX, § 20.
Subsequently, the disciplinary board recommended that the consent discipline be adopted. While the board recognized no clients were injured by respondent’s conduct, it found the third party providers were deprived of funds for a protracted period of time. It concluded the proposed consent discipline was appropriate and consistent with other cases from this court involving similar facts.[4] Accordingly, the board recommended *1019 respondent be suspended from the practice of law for a period of eighteen months effective from the date of his July 17,1998 interim suspension.
Neither respondent nor the ODC have filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
As the board recognized, no client funds were converted by respondent. However, respondent admitted to converting third party funds by placing these funds in the firm’s operating account. The third parties were eventually paid, but were deprived of their funds for a protracted period of time. Under these circumstances, and considering the pri- or jurisprudence of this court, the proposed suspension of eighteen months is appropriate.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record herein, it is the decision of this court that respondent, John T. Holmes, be |3suspended from the practice of law for a period of eighteen months, effective from the date of his July 17, 1998 interim suspension. All costs of this proceeding are assessed against respondent, with legal interest to commence running thirty days from the date of the finality of this judgment until paid.

 Victory, J. not on panel. Rule IV, Part 2, § 3.

. Leitz filed a separate petition for consent discipline for conduct arising out of this matter, which is pending before this court in 98-B-3014.

. It appears the providers were eventually paid by Leitz, but only after a protracted period of time.

. Rule 1.15 provides in pertinent part:
A lawyer shall hold property of clients or third persons that is in the lawyer’s possession in connection with representation separate from the lawyer’s own property.

.The board cited In re Constantino, 98-0817 (La.6/5/98), 714 So.2d 690 (two year suspension imposed on attorney who converted $58,000 in third party funds), and In re Welcome-Sadler, 97-0143 (La.4/4/97), 691 So.2d 676 (one year sus *1019 pension, with nine months deferred, imposed on attorney who converted third party funds).