ATTORNEY DISCIPLINARY PROCEEDINGS
| .PER CURIAM.
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against Charles R. Grady, an attorney licensed to practice law in the State of Louisiana, but currently suspended.[1]
UNDERLYING FACTS

Janie Smith Matter

In March 1998,- Janie Smith, a Georgia resident, sold a piece of property in Orleans Parish for $20,000. Respondent was the closing attorney in the transaction and received $20,628.01 at the time of the sale for disbursement. Respondent forwarded a check to Ms. Smith in the amount of $18,933.01, which represented the proceeds from the sale, after deduction of closing costs and taxes. Subsequently, respondent’s check was returned for insufficient funds.
Later analysis of respondent’s bank records by an accountant retained by the ODC indicated that the account on which the check was drawn was not titled as a trust account, nor was it registered as an IOLTA account. It was apparently used by [^respondent as a trust account, operat *571 ing account and personal account. The bank records indicated the account was overdrawn on several occasions.
Thereafter, Ms. Smith retained William Skinner, a Georgia attorney, to assist her in her collection efforts against respondent. After several months, respondent paid Ms. Smith the full amount he owed her, including her collection costs. Mr. Skinner then filed a complaint with the ODC on Ms. Smith’s behalf.

Polly and Mary Smith Matter

In February 1997, Polly (also spelled Paulie) Smith, Jr. and Mary Smith[2] retained respondent for $8,500 to pursue a malpractice claim against their accountant arising out of a city tax dispute. At this time, respondent was ineligible to practice law because he failed to comply with his mandatory continuing legal education requirements, but failed to inform the Smiths of this fact.
Over the next several months, respondent took no action in the case. On August 27,1997, a petition for damages in the Smiths’ case was filed in First City Court for the City of New Orleans, bearing the signature of attorney Vernon Thomas.[3] Mr. Smith later testified that respondent never informed him that Vernon Thomas would be filing the suit on his behalf, nor did he have any knowledge of Mr. Thomas or the filing of the petition.
Respondent did no further work on the Smiths’ case. He did not account for the fees he received, nor did he return any unearned fees.
^DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed two counts of formal charges against respondent. The first count, relating to the Janie Smith matter, alleged respondent violated Rules 1.15 ( failing to properly safeguard property), 8.1 (failing to cooperate in a disciplinary investigation), 8.4(a) (violating the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failing to cooperate with the ODC’s investigation of alleged misconduct) of the Rules of Professional Conduct. The second count, relating to the Polly and Mary Smith matter, alleged respondent’s conduct violated Rules 1.1 (competent representation), 1.2 (scope of representation), 1.3 (diligence), 1.4 (communication), 1.5(fee arrangements), 1.16(d) (termination of the representation), 5.5 (unauthorized practice of law), 8.1, 8.4(a), 8.4(c), 8.4(d), and 8.4(g) of the Rules of Professional Conduct.
Respondent filed an answer, asserting a blanket denial. A formal hearing was scheduled before the committee. The ODC presented evidence and testimony at the hearing; respondent failed to appear.

Hearing Committee Report

After consideration of the evidence, the hearing committee found respondent violated the professional rules as charged. In the Janie Smith matter (Count I), the hearing committee concluded respondent converted third party funds by placing the proceeds from the sale in a personal account and issuing Ms. Smith a worthless check. As to Polly and Mary Smith matter (Count II), the committee found Lrespondent took money to represent the Smiths while he was ineligible to practice law. It concluded respondent did not pur *572 sue the matter and did not earn or return the fee.
In determining an appropriate sanction, the hearing committee recognized the presence of the following aggravating factors: prior misconduct;[4] failure to cooperate; vulnerability of the victim; and incomplete or late restitution. It identified no mitigating factors. Applying Standards 4.11 and 8.1(b) of the ABA’s Standards for Imposing Lawyer Sanctions,[5] the committee recommended respondent be disbarred.

Disciplinary Board Report

The disciplinary board agreed with the hearing committee’s finding that respondent knowingly and intentionally violated duties owed to his clients, the public, the legal system and the profession, and caused significant injury to his clients by failing to properly safeguard and converting third party property; failing to complete work, failing to use reasonable diligence, failing to provide competent representation and communicate with his clients; deceiving his clients; failing to inform them he was ineligible to practice; failing to charge a reasonable fee and failing to return unearned fees.
The board adopted the aggravating factors cited by the committee and agreed there is no evidence in support of any mitigating factors. Citing prior jurisprudence |fifrom this court and the ABA’s Standards for Imposing Lawyer Sanctions, the board agreed with the committee’s recommendation that respondent be disbarred from the practice of law. In support, it observed respondent’s prior discipline “has not been effective in deterring him from his pattern of misconduct” and that respondent’s “disregard for his professional obligations is made readily apparent by his failure to participate in these proceedings and by his failure to fulfill his mandatory continuing legal education responsibilities.”
Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
DISCUSSION
The record supports the factual findings of the hearing committee. Therefore, the sole issue before us is the appropriate penalty for respondent’s misconduct.
In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
*573 Respondent’s misconduct in the Janie Smith matter is serious in nature. The bank account records demonstrate that respondent placed her funds in an account which he treated as his personal account. The balance in this account fell below the amount owed Ms. Smith on several occasions, proving respondent converted her funds to his own use. Although respondent ultimately made restitution to Ms. Smith, [fihe deprived her of her funds for a period of several months, and required her to obtain the services of another attorney to recover the funds from respondent. These factors demonstrate respondent’s conversion is among the most serious type of conversion. See Louisiana State Bar Ass’n v. Hinrichs, 486 So.2d 116, 122 (La. 1986).
Respondent’s misconduct in the Polly and Mary Smith matter is also serious. The record shows that respondent accepted the case and received a fee from his client, even though he was ineligible to practice law at the time. He attempted to conceal his ineligibility from his clients by having another attorney file the petition in the case, with no notice of this arrangement to his client. Otherwise, respondent totally neglected the case, and has failed to account for or return the fee he received.
We find no mitigating factors. However, the record reveals the presence of several aggravating factors, including prior misconduct (admonitions in 1990 and 1995, and a suspension in 1999), failure to cooperate, and vulnerability of the victims.
Having considered the facts and seriousness of respondent’s offenses, and the aggravating factors, we find respondent lacks the fitness to practice law in the State of Louisiana. Disbarment is the appropriate sanction.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Charles R. Grady be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In In re Grady, 99-0440 (La.4/4/99), 731 So.2d 878, respondent was suspended for one year and one day for neglect of a legal matter, misleading his client into believing he was pursuing the case and failure to inform the client he was ineligible to practice law. Respondent has not sought reinstatement from that suspension.

. The record does not suggest there is any relationship or connection between Janie Smith and Polly and Mary Smith.

. Respondent was apparently working out of Mr. Thomas' law office.

. Respondent's disciplinary history consists of a private reprimand in 1990 for failure to communicate, neglect and failure to cooperate. Respondent received an admonition in 1995 for failure to cooperate. In 1999, he was suspended by this court for a year and a day for failing to terminate representation after becoming ineligible, failing to communicate and misleading a client about the status of a case. In re Grady, 99-0440 (La.4/4/99), 731 So.2d 878.

. Standard 4.11 provides that disbarment is generally appropriate when a lawyer knowingly converts client property and causes injury or potential injury to a client.
Standard 8.1(b) provides for disbarment when a lawyer has been suspended for engaging in similar acts of misconduct.