liPER CURIAM.*
On April 18, 1996, respondent, T. Kenneth Elbert, an attorney licensed to practice law in the State of Louisiana, was charged by the Office of Disciplinary Counsel with one count of formal charges, alleging that respondent failed to act with reasonable diligence and promptness in representing his client, in violation of Rule 1.3 of the Rules of Professional Conduct; failed to keep his client reasonably informed, and failed to explain the matter to the extent reasonably necessary for the client to make informed decisions regarding representations in violation of Rule 1.4. It was further alleged that respondent improperly attempted to settle a malpractice claim without advising his client that she should have sought independent counsel, in violation of Rule 1.8(H) and Rule 8.4(A).
The underlying facts indicate that in May of 1989, respondent was hired by complainant, Carol Scott, and two other women, Vo-landrus Walker and Vernita Veal, in connection with an automobile accident which occurred on December 4, 1988. Respondent later admitted that shortly after being retained by the three women, he lost their file. Respondent filed suit on their behalf on December 4, 1989. However, the “petition” filed on that date alleged no facts and stated only the names of plaintiffs and the defendant. On March 28, 1990, respondent filed a supplemental and amending petition in proper form which set out the facts of the accident, and named Safeway Insurance Co. (“Safeway”), the insurer for the other driver, as a defendant for the first time. On June 30, 1989, Safeway communicated to respondent an offer to settle the claims of his clients for $1,800 each. Respondent failed to communicate this offer to his clients.
^Subsequently, defendants filed an exception of prescription, on the ground that the suit was filed in an improper venue and service was not made within the one year prescriptive period. The trial judge granted the exception of prescription on October 18, 1990. Respondent appealed this judgment, but the appeal was later dismissed as abandoned. Respondent never informed his clients that the case had been dismissed.
On January 23, 1995, Ms. Scott filed her complaint with the disciplinary counsel. After the filing of the complaint, respondent sent Ms. Scott a check for $1,200, which he contended represented compensation for the $1,800 settlement offer from Safeway “after deducting the customary ]h attorney’s fees deduction.”
After formal charges were filed, respondent failed to submit a response. The charges were deemed admitted and the formal hearing was canceled.
On October 15, 1996, the hearing committee filed its recommendation in which it con- *950 eluded that respondent had violated Rules 1.3, 1.4, 1.8(H), and 8.4(A) of the Rules of Professional Conduct. The committee found that these violations constituted grounds for discipline, and that the violation of these rules was a direct cause of the loss suffered by the client, resulting in harm to the client. The hearing committee also found a number of aggravating factors, including prior disciplinary offenses,[1] vulnerability of the victim, years of experience in the practice of law, and bad faith in attempting to circumvent the instant complaint by tendering a cheek to the complainant. The committee |3listed no mitigating factors. As a sanction, the committee recommended a six (6) month suspension from the practice of law, with a two-year probationary period, subject to conditions.
The disciplinary board agreed with the findings of the hearing committee, but also found two mitigating factors, which included delay in the disciplinary proceedings, and remoteness of prior discipline. The board modified the sanction by providing for one year suspension of the practice of law, with six months deferred. The board retained the two-year probationary period and adopted the conditions, adding the right to suspend respondent for the remaining six months via summary proceedings in the event respondent fails to comply with the conditions of his suspension.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that respondent be suspended from the practice of law for one year, with six months of the suspension to be deferred, followed by two years of probation, subject to the following conditions:
1)Respondent shall contact Ms. Veal and Ms. Walker in writing, informing them that because of respondent’s fault or negligence, their suit was dismissed, and advise them that they should consult independent counsel regarding a possible malpractice claim. Copies of the letter should be furnished to Disciplinary Counsel;
2) Respondent shall make every effort to rectify his conduct by referring Ms. Scott to independent counsel, reach a settlement with her and make full restitution to her;
3) Respondent shall furnish satisfactory proof annually to the Office of Disciplinary Counsel showing that respondent has complied with the Louisiana State Bar Association’s requirements for CLE, of which four (4) hours should be in law office management and two (2) hours in legal ethics;
4) A probation monitor shall be appointed for a two year period during probation to audit Respondent’s office management practices and his practice of law, including client communication and calendaring of file dates;
5) Respondent shall pay all bar dues, disciplinary assessments and disciplinary | ¿costs in a timely fashion;
6) Should respondent not comply with any of the conditions of his probation, Disciplinary Counsel shall use summary proceedings to suspend respondent for the remaining six months; and
7) Respondent shall pay all costs associated with these proceedings.
TRAYLOR, J., dissents.

 Lemmon, L, not on panel. Rule IV, Part 2, § 3.

.Respondent’s prior discipline consists of:
1. Public reprimand, 4/15/85, COPR File No. 6879-A, for three counts of failing to return advanced fees after no work was performed.
2. One year suspension 9/9/87, Louisiana State Bar Association v. T. Kenneth Elbert, 86-B-0406, for three specifications of misconduct in connection with his representation of a client.
3.Private reprimand without notice, 4/20/88, COPR File No. 7547, for misconduct including failing to communicate with client, and failing to timely withdraw as counsel of record.