ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Phyllis Southall, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent allowed her clients’ claims to prescribe, failed to provide competent representation, failed to act with due diligence, failed to communicate with clients and engaged in fraud, deceit or misrepresentation, in violation of Rules 1.1(a), 1.3, 1.4, 1.16(d) and 8.4(a), (c) and (d) of the Rules of Professional Conduct.
A review of the record indicates that the charges arose in connection with respondent’s representation of Helen and Russell Senegal. Although the underlying facts are somewhat unclear, it appears the Senegals initially retained respondent to institute a personal injury action and medical malpractice proceeding. During the course of a meeting with respondent, the Senegals also discussed with respondent certain uninsured motorist claims against State Farm Insurance Company (“State Farm”) arising from a vehicular accident which took place on February 7,1993.
While the Senegals alleged they retained the respondent at the meeting to represent them in their uninsured motorist claims against State Farm, respondent denied this assertion, maintaining the claims were discussed only in passing. In any event, the record indicates that two days following the meeting, respondent wrote to State Farm advising that her office “has been retained to represent Mr. and Mrs. Senegal in the above referenced matter.” Over the next two years, various correspondence took place between [¿respondent and State Farm’s adjusters.[1]
The Senegals’ claims against State Farm prescribed on February 7, 1995,[2] at which time no suit had been filed on their behalf by respondent. On April 17,1995, the Senegals met with respondent to discuss their cases. Respondent advised that she did not have her file on the State Farm matter, since it *247 was in the possession of her paralegal, who was out of the office. The following day, Mrs. Senegal contacted State Farm and discovered no suit had been filed on her behalf. The Senegals made repeated efforts to contact respondent, but were unable to do so. They forwarded a certified letter to respondent on April 28, 1995 wherein they terminated her services and requested their files from the State Farm matter, as well as those involving the other matters. Respondent failed to comply with the request and the Senegals retained other counsel, who instituted a malpractice action against respondent.
On October 21, 1996, formal charges were instituted against respondent. A formal hearing was conducted before a hearing committee, at which respondent appeared and testified on her own behalf.[3] At the conclusion of the hearing, the committee rendered its findings and recommendation, concluding that | -¡respondent violated the professional rules as charged. It noted that although respondent indicated she did not undertake the representation, her actions were to the contrary as evidenced by her correspondence with State Farm. It concluded respondent’s desire for a written contract was only to protect her right to a fee in the matter. Based on the fact the respondent talked to the Senegals as the prescriptive period approached, the committee concluded respondent negligently allowed the suit to prescribe. It also found that respondent sought to misrepresent and conceal her negligent actions from her clients, as well as from the ODC, when she failed to cooperate with its investigation. The committee concluded the baseline sanction was a reprimand. As to the presence of aggravating factors, it recognized (1) substantial experience in the practice of law; (2) lack of knowledge of basic legal principles concerning representation of a ehent; (3) failure to make restitution; and (4) failure to cooperate with the ODC. As to factors in mitigation, the committee recognized (1) respondent was a solo practitioner without an office staff; (2) respondent’s poor health;[4] (3) respondent is a single parent and sole supporter of her minor child; and (4) probability the misconduct would not reoccur. As such, the committee recommended respondent be reprimanded, and placed on supervised probation for a period of one year for purposes of insuring that she has an effective diary system and that her clients’ rights are being adequately pursued. It also recommended respondent take an additional hour of ethics annually for a three year period, as well as be assessed with costs.
The disciplinary board agreed with the findings of fact of the hearing committee; however, it modified the proposed recommendation, stating it failed to provide for a sanction should respondent violate her probation. As such, the board recommended that a ninety day deferred suspension rather than a reprimand be l4imposed in addition to the probationary conditions articulated by the committee. One member of the board rendered a dissent proposing an actual period of suspension as appropriate discipline.
The ODC subsequently filed an objection in this court, asserting the disciplinary board’s recommendation was unduly lenient. Respondent also filed an objection in this court to the board’s findings and the severity of the proposed sanction.
In the instant matter, the record supports the findings of the hearing committee and disciplinary board that respondent did undertake to represent the complainants in connection with the State Farm matter, but she negligently failed to conduct settlement negotiations, to timely file a suit on their behalf, or to keep her clients informed of the status *248 of the matter, despite their requests for information. During the disciplinary investigation, respondent took the position that she was not representing the Senegals in this matter, a position totally at odds with her statements in correspondence to State Farm. Taken as a whole, respondent’s testimony suggests she was more concerned about securing her legal fee rather than protecting the interests of her clients.[5]
Based on these factors, we feel an upward deviation in the sanction is justified. Taking all the aggravating and mitigating factors into account, we conclude a suspension from the practice of law for a period of one year and one day, with six months of the suspension deferred, and subject to a one year period of supervised probation under the conditions recommended by the disciplinary board, is appropriate discipline under these facts.

DECREE

Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, briefs and oral argument, it is the decision of this court Isthat respondent, Phyllis Southall, be suspended from the practice of law for a period of one year and one day, with six months of this suspension deferred. It is further ordered that upon completion of the active portion of the suspension, respondent be placed on supervised probation, subject to the conditions set forth in the disciplinary board’s recommendation. All costs of these proceedings are assessed against respondent.

 Marcus, J. not on panel. Rule IV, Part 2, § 3.

. Based on respondent's letter, State Farm sent its file to an adjuster in the Baton Rouge area to negotiate a settlement with respondent. Respondent also forwarded correspondence to the Sen-egals advising of her notice of representation to State Farm and enclosed some documentation regarding the automobile accident. In correspondence directed to respondent dated July 8, 1993, the adjuster requested all medical bills, reports, and wage loss information so it could proceed to evaluate the Senegals’ claims. Respondent contacted the State Farm adjuster in December of 1993 advising that she would be sending a settlement proposal. Ten months later, respondent provided the requested medical invoices and settlement offers; however, she failed to provide the medical reports outlining the nature of the sustained injuries. From October 4, 1994 to January 26, 1995, the adjuster made three written requests for the medical narratives, but respondent did not comply.

. Pursuant to La. R.S. 9:5629, "actions for the recovery of damages sustained in motor vehicle accidents brought pursuant to uninsured motorist provisions in motor vehicle insurance policies are prescribed by two years reckoning from the date of the accident in which the damage was sustained.”

. Respondent alleged that since she did not have a signed contract with the Senegals, she believed she was barred from filing suit on their behalf, since her fee was unprotected. Respondent also testified that although she told Mrs. Senegal on the phone the prescription date was near and they needed to execute a fee contract, she failed to mail a contract to the Senegals for execution or to advise them in writing that, absent a contract, she would not file suit.

. In 1986, respondent was diagnosed with lupus, a condition which caused her bodily joints and organs to malfunction. Her treatment consisted of chemotherapy and, currently, preventive steroid medication, which results in depression and fatigue.

. Furthermore, even assuming respondent had a legitimate interest in obtaining a written fee contract, she failed to explain why she did not discuss this issue with her clients prior to the running of the prescriptive period.