*205 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed by respondent, Clifton J. Spears, Jr., prior to the institution of formal charges. The Office of Disciplinary Counsel (“ODC”) concurred in the petition, and the disciplinary board recommended the petition be accepted.
UNDERLYING FACTS
The facts were stipulated by respondent. In February 1995, Debra Mose contacted respondent to discuss a personal injury matter. Respondent and Ms. Mose did not discuss the issue of fees, nor enter into a written contract.
Thereafter, respondent failed to file suit on Ms. Mose’s behalf before the running of prescription. Nevertheless, respondent led Ms. Mose to believe that her claim was still viable. He then paid her $5,000 from his personal funds and led her to believe that these funds were from a settlement of the case. After learning of respondent’s conduct, Ms. Mose filed a legal malpractice suit against him.
1 .DISCIPLINARY PROCEEDINGS
Prior to the filing of formal charges, respondent filed a petition for consent discipline. Respondent admitted that he failed to act with due diligence in representing Ms. Mose and to misleading her. Respondent proposed that he be suspended from the practice of law for one year and thirty-one days, with all but thirty days deferred, subject to two years of probation and attendance at the Louisiana State Bar Association’s Practice Assistance School. The ODC concurred in the proposed discipline. In a joint stipulation of facts accompanying the petition, the parties identified several mitigating factors, including no prior disciplinary record, absence of selfish motive, good faith effort to make restitution, cooperation with disciplinary counsel, and remorse. No aggravating factors are indicated.

Disciplinary Board Recommendation

Based on respondent’s stipulations, the disciplinary board found that respondent breached his duty to his client by failing to file suit before prescription ran. He then allowed his own interests to conflict with those of his client when he knowingly led his client to believe that her claim was still viable and paid her $5,000 from his personal funds, leading her to believe that these funds represented a settlement of the case. The board found this conduct violated several provisions of the Rules of Professional Conduct.[1]
|3In addressing the appropriateness of the proposed sanction, the board looked to *206 this court’s opinions in In re: Southall, 97-3221 (La.5/8/98), 710 So.2d 245,[2] and In re: Thompson, 98-0079 (La.5/8/98), 712 So.2d 72.[3] As in those cases, the board noted respondent failed to timely pursue his client’s claim and allowed it to prescribe. Additionally, respondent misled his client into believing the “settlement” funds were from another party to the lawsuit, when they were actually his own personal funds. Given these facts, the board found the proposed sanction was consistent with the discipline imposed in Thompson and Sout-hall.
Accordingly, the board recommended respondent be suspended from the practice of law for one year and thirty-one days, with all but thirty days deferred, subject to two years of probation and attendance at the Louisiana State Bar Association’s Practice Assistance School. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
^DISCUSSION
Respondent has admitted that he engaged in the misconduct set forth in the petition for consent discipline by allowing his client’s case to prescribe and then attempting to mislead her into believing the case had settled. Based on our review of the record, we find the proposed consent discipline is consistent with the prior jurisprudence of this court and is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Clifton J. Spears, Jr. be suspended from the practice of law for a period of one year and thirty-one days, with all but thirty days deferred, subject to a two-year period of probation governed by the specific terms and conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Johnson, J., not on panel. Rule IV, Part II, § 3.

. Although the ODC did not cite any specific professional rule that respondent violated, the board suggested that respondent’s conduct presents at least a violation of Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.7(b) (conflict of interest), 1.8(h) (settling a claim for malpractice liability with an unrepresented or former client without first advising the client to obtain independent representation), 1.16(a) (declining or terminating representation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.

. In Southall, the attorney agreed to represent clients in a legal matter, but negligently failed to conduct settlement negotiations, timely file suit, or keep her clients informed of the status of the matter. During the disciplinary investigation, respondent took the position that she was not representing the clients, a position totally at odds with her statements in correspondence. There were also significant aggravating factors involved, including failure to make restitution and substantial experience in the practice of law. This court imposed a one year and one day suspension, with six months of the suspension deferred, subject to a one-year period of supervised probation.

. In Thompson, the attorney was retained to pursue a worker’s compensation claim, but failed to do so timely. Believing the claim had prescribed, respondent made a "personal agreement” with his client to advance up to $7,500 to her. After he made several advances totaling approximately $5,000, he had the client execute a "distribution statement” couched in the language of a tort claim receipt and release agreement. This court imposed a one year suspension, deferred, subject to an eighteen-month period of supervised probation with conditions.