ATTORNEY DISCIPLINARY PROCEEDINGS
JjPER CURIAM.*
This disciplinary matter arises from a petition for consent discipline filed by respondent, Phyllis Southall, prior to the institution of formal charges.
UNDERLYING FACTS
The petition for consent discipline addresses complaints made to the Office of *1287 Disciplinary Counsel by two of respondent’s clients. In the first matter, Jennifer Gilbert retained respondent in 1996 to handle a divorce and alimony matter. Respondent completed the divorce, but she did not address the issue of alimony. At some point, Ms. Gilbert requested that respondent stop working on the case. Respondent also admits that she “did not adequately supervise her staff or handle client’s money received in a professional manner.”
In an unrelated matter, Delimita Taylor retained respondent in 1997 to handle a property matter. Respondent did not communicate with her client or complete the matter in a timely fashion, and Ms. Taylor ultimately discharged her.
Respondent admits that her conduct in these matters violated Rules 1.3 (failure to act with diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), and 5.3 (responsibilities regarding non-lawyer assistants) of the Rules of Professional Conduct. In mitigation, | ¿respondent suggests that two of her family members passed away during the time that the matters were pending. Respondent also agrees that, if requested, she will participate in the Louisiana State Bar Association’s Alternative Fee Dispute Resolution Program with respect to any fee dispute involving these matters.
DISCIPLINARY PROCEEDINGS
Prior to the institution of formal charges, respondent filed a petition for consent discipline. She proposed that the period of probation imposed by this court in an earlier disciplinary matter, In re: Southall, 97-3221 (La.5/8/98), 710 So.2d 245,[1] be extended by six months, subject to certain conditions.[2]
The ODC concurred in respondent’s petition, suggesting that the proposed sanction is appropriate under the facts and circumstances of the instant case.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated duties owed to her clients and to the profession. Although respondent’s actions were negligent, she caused actual harm to both of her clients by unnecessarily delaying their *1288 cases. The board also found that respondent’s prior disciplinary record is an aggravating factor. No other aggravating factors, nor any mitigating factors, were stipulated to by respondent and the ODC.
Considering the proposed sanction, the board observed that an extension of a probationary period “does not fall neatly into the A.B.A. guidelines pertaining to the misconduct at hand.” Although typically misconduct such as respondent’s would be sanctioned by, at least, a reprimand, the board concluded that an extension of the probationary period “would better serve to protect the public, educate the Respondent, and deter others in the profession from engaging in similar misconduct in the future.”
Accordingly, the disciplinary board recommended that the petition for consent discipline be accepted and that respondent’s probation be extended for an additional six months, subject to the proposed conditions. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
After reviewing the record, we find that a six-month extension of the period of probation imposed in respondent’s previous disciplinary proceeding is appropriate under the circumstances.
Accordingly, we will accept the petition for consent discipline.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the one-year period of probation imposed against respondent in In re: Southall, 97-3221 (La.5/8/98), 710 So.2d 245, be extended for an additional six months, subject to the conditions set forth in the petition for consent discipline. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Kimball, J., not on panel. Rule IV, Part II, § 3.

. In Southall, this court suspended respondent for a period of one year and one day, with six months of the suspension deferred, subject to a one-year period of supervised probation. Respondent’s misconduct in that case involved her failure to timely file suit in a personal injury matter.

. The conditions are as follows:
A. Respondent shall establish and maintain an effective calendaring system and method to communicate with clients and shall obtain the assistance of the LSBA Loss Prevention Counsel, or Louisiana State Bar Association's Practice Assistance Counsel in the creation of a proper law office management program;
B. Respondent will also respond to all reasonable requests of her probation monitor;
C. Respondent shall enroll in and attend an additional day of Ethics School administered by the Louisiana State Bar Association's Practice Assistance and Improvement Committee;
D. Respondent shall maintain current in the law during her period of probation by satisfying all annual MCLE requirements of the Louisiana State Bar Association in a timely fashion, pay all Louisiana State Bar Association bar dues, and pay all Louisiana Attorney Disciplinary Board disciplinary assessments imposed by the Louisiana Supreme Court;
E. Respondent agrees that any violation of any terms or conditions set forth shall result in a summary revocation of probation and the immediate imposition of the remaining period of suspension deferred that was ordered in 96-DB-079.
F. Respondent will voluntarily participate in the Louisiana State Bar Association Fee Resolution Program regarding the fees in Ms. Taylor and Ms. Gilbert's cases, if requested; and
G. Should the Office of Disciplinary Counsel receive any report or indication of a violation of the terms of the probation, a rule to revoke the probation may be filed. The Rule will be heard by the Disciplinary Board pursuant to Rule XIX using any procedures that the Board deems appropriate.