ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from a motion to revoke probation filed by the Office of Disciplinary Counsel (“ODC”) against respondent, T. Kenneth Elbert, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
Respondent was the subject of prior disciplinary proceedings in In re Elbert, 97-1303 (La.9/5/97), 698 So.2d 949. Essentially, the charges in that matter alleged that respondent had represented three clients, including Carol Scott, in connection with an automobile accident. The insurer for the other driver initially communicated a settlement offer to respondent, indicating that it would settle the claims of respondent’s three clients for $1,800 each. Respondent failed to communicate this offer to his clients. Subsequently, the case was dismissed on an exception of prescription. Respondent never communicated this fact to his clients.
After Ms. Scott filed a disciplinary complaint against respondent, respondent sent her a check for $1,200, which he contended represented the proper compensation for the accident.[1] However, he did not advise Ms. Scott to seek outside counsel to 1 ¡.determine whether such a settlement of respondent’s malpractice liability was appropriate.
The ODC filed formal charges in the matter. After considering the recommendations of the hearing committee and disciplinary board, we suspended respondent from the practice of law for a period of one year. We deferred six months of this sanction, subject to a two year period of probation. Among the conditions of probation was the following:
Respondent should make every effort to rectify his conduct by referring Ms. *625 Scott to independent counsel, reach a settlement with her and make full restitution to her.
Subsequently, respondent fulfilled all conditions of his probation except the condition of restitution. In response to a request from his probation monitor, respondent represented that he had made restitution to Ms. Scott during the disciplinary investigation in 1995, when he sent her a cashier’s check in the amount of $1,200, but admitted he was unable to provide proof this check had been received by Ms. Scott.[2]
In August 2000, the ODC received correspondence from Ms. Scott, who indicated she had never received restitution from respondent. The ODC forwarded this correspondence to respondent and requested a response. Respondent failed to answer the ODC’s requests and has not been in contact with his probation monitor since October 2000.
DISCIPLINARY PROCEEDINGS

Motion to Revoke Probation

|?,Eased on respondent’s failure to comply with the conditions, of his probation, the ODC filed a Motion to Revoke Probation with the disciplinary board.[3] In its motion to revoke, the ODC prays for revocation of respondent’s probation and that the deferred six month portion of his original one year suspension be made executo-ry.

Disciplinary Board Recommendation

A hearing was conducted before an adjudicative panel of the disciplinary board. The ODC submitted documentary evidence in support of its case. Respondent did not appear.
After considering the evidence, the board found respondent in violation of his probation. In support, the board noted found respondent failed to produce any evidence that he made restitution to Ms. Scott. It also relied on Ms. Scott’s letter, in which she indicated she had not received any payment of restitution from respondent. As a result, the board concluded respondent failed to satisfy the condition of his probation requiring him to make restitution to Ms. Scott. Accordingly, it recommended respondent’s probation be revoked and that he be suspended for the remaining six months of his original one year suspension imposed earlier by this court, as well as again ordered to make restitution to Ms. Scott.
*626 One board member dissented, noting respondent attempted to provide restitution and met with his other conditions of probation.
UNeither respondent nor the ODC have filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
The record supports the disciplinary board’s conclusion that respondent failed to comply with the condition of his probation requiring him to make restitution to Ms. Scott. The only evidence of restitution produced by respondent was a copy of the check he allegedly sent to Ms. Scott while the former disciplinary proceedings were pending. We did not consider the mailing of this check to constitute restitution at the time we rendered our 1997 opinion in this case; in fact, we accepted the finding of the hearing committee that respondent demonstrated “bad faith in attempting to circumvent the instant complaint by tendering a check to complainant.” In re Elbert, 97-1303 at p. 2, 698 So.2d at 950.
Since that time, respondent has produced no evidence that he has complied with the requirements of our 1997 opinion directing him to refer Ms. Scott to independent counsel, reach a satisfactory settlement of his malpractice liability with her and make appropriate restitution. Additionally, he has failed communicate with his probation monitor and the ODC, and has made no effort to participate in these revocation proceedings.
Under these circumstances, we must conclude that respondent failed to comply with the condition of his probation requiring him to make restitution to Ms. Scott. Accordingly, we will revoke his probation and make the previously deferred six month suspension executory.
DECREE
UFor the reasons assigned, respondent’s probation is revoked and the previously deferred six month suspension imposed in In re Elbert, 97-1303 (La.9/5/97), 698 So.2d 949, is hereby made executory. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. Respondent arrived at this amount based on the $1,800 settlement offer made by the insurer, less a "customary” deduction of xk attorney fees.

. According to respondent, he was unable to locate a copy of the cashier's check that he allegedly forwarded to Ms. Scott in 1995. He suggested that the ODC may have had a copy of this check and requested his probation monitor obtain the check from the ODC. The ODC provided respondent’s probation monitor with a copy of the cashier’s check issued by Whitney National Bank in the amount of $1,200 in favor of Ms. Scott, as well as a copy of a Fed Ex air bill allegedly used to mail the check to Ms. Scott. However, the ODC indicated it could not determine whether the check had been negotiated or actually forwarded to Ms. Scott.

. In addition to asserting respondent’s failure to comply with his terms of probation, the ODC has filed additional formal charges against respondent in an unrelated disciplinary matter involving respondent's representation of a client in four different legal matters, while he was suspended from the practice of law. On November 29, 2000, a hearing committee recommended that respondent be disbarred for violating Rules 1.15 (commingling and conversion of client funds), 1.16 (declining or terminating representation), 5.5 (unauthorized practice of law), 8.1 (failure to cooperate with the disciplinary process), 8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation) and 8.4(g) (failure to cooperate with ODC). The matter is currently awaiting disposition by the disciplinary board.