hPER CURIAM.
Pursuant to Supreme Court Rule XIX, § 21(A),[1] the Office of Disciplinary Counsel (“ODC”) has filed a motion for reciprocal discipline against respondent, Robert P. Aulston, III, an attorney licensed to practice law in the States of Louisiana and Illinois, based upon discipline imposed by the Supreme Court of Illinois.
UNDERLYING FACTS AND PROCEDURAL HISTORY
The record indicates that respondent was charged in the Illinois proceeding with two counts of misconduct relating to his handling of two client matters. In Count 1, it was alleged that respondent violated Rules 1.3, 1.4, and 1.8(g) of the Rules of Professional Conduct when he neglected a legal matter and then misled his client by fabricating a settlement and paying the client out of his'own funds. In Count II, it was alleged that respondent violated Rule 1.4 when he failed to respond to his clients’ requests for information about their case after he was discharged. For this misconduct, the Hearing Board recommended that respondent be suspended for a period of ninety days, stayed in its entirety by a 180-day period of conditional | ^probation. Over the objection of the Administrator of the Illinois Attorney Registration and Disciplinary Commission, the Review Board affirmed the Hearing Board’s findings and the recommendation of discipline. By judgment dated May 24, 2002, the Supreme Court of Illinois suspended respondent from the practice of law for ninety days, with the suspension stayed in its entirety and respondent placed on probation for 180 days, subject to conditions specified in the judgment.[2]
|3By order of this court dated July 15, 2002, respondent was given thirty days pursuant to Supreme Court Rule XIX, *1014 § 21(D)[3] to show why the imposition of discipline in this state would be unwarranted. Respondent failed to file any response in this court.
DISCUSSION
The imposition of reciprocal discipline against respondent based upon the Illinois judgment is clearly appropriate under the facts of this case. Respondent has failed to file any pleadings in this court demonstrating that the imposition of identical discipline in Louisiana would be unwarranted, and there is no suggestion of such upon the face of the record before us. Moreover, there is little doubt that respondent’s conduct would warrant discipline under the Louisiana jurisprudence discussing misconduct similar to respondent’s. See, e.g., In re: Spears, 00-0028 (La.2/4/00), 753 So.2d 204 (one year and thirty-one day suspension, with all but *1015 thirty days deferred, | ¿subject to a two-year period of supervised probation with conditions); In re: Thompson, 98-0079 (La.5/8/98), 712 So.2d 72 (one-year suspension, deferred, subject to an eighteen-month period of supervised probation with conditions).
Accordingly, we will impose reciprocal discipline pursuant to Supreme Court Rule XIX, § 21.
DECREE
Considering the motion for reciprocal discipline filed by the Office of Disciplinary Counsel and the record filed herein, it is ordered that Robert P. Aulston, III be suspended from the practice of law in Louisiana for ninety days. It is further ordered that this suspension shall be fully deferred, and respondent shall be placed on probation for one hundred eighty days, subject to the provision that any misconduct during this time will be grounds for making the deferred portion of the suspension executory.

. Supreme Court Rule XIX, § 21(A) provides: Upon being disciplined by another state disciplinary agency, a lawyer admitted to practice in Louisiana shall promptly inform disciplinary counsel of the discipline. Upon notification from any source that a lawyer within the jurisdiction of the agency has been disciplined in another jurisdiction, disciplinary counsel shall obtain a certified copy of the disciplinary order and file it with the board and with the court.

. The conditions of probation imposed upon respondent included the following:
*1014 1. Respondent shall attend and successfully complete an appropriate course of instruction on the Illinois Rules of Professional Conduct, subject to the approval of the Administrator, within the first ninety days of probation;
2. Respondent shall continue in his course of treatment with Dr. Philip Chor, or such other qualified mental health professional acceptable to the Administrator, and shall report to Dr. Chor or such other qualified mental health professional on a regular basis of not less than once per month, with the Administrator advised of any change in attendance deemed warranted by such professional;
3. Respondent shall comply with all treatment recommendations of Dr. Chor or such other mental health professional, including the taking of medications as prescribed;
4. Respondent shall provide to Dr. Chor, or such other qualified mental health professional, an appropriate release as required under the Confidentiality Act of the Mental Health Code, 740 ILCS 1210/1 et seq., authorizing the treating professional to disclose to the Administrator on a monthly basis respondent’s attendance or lack thereof;
5. Respondent shall notify the Administrator within fourteen days of any change of address;
6. Respondent shall comply with the Illinois Rules of Professional Conduct and shall timely cooperate with the Administrator in providing information regarding any investigations relating to his conduct;
7. Respondent shall reimburse the Commission for the costs of this proceeding as defined in Supreme Court Rule 773 and shall reimburse the Commission for any further costs incurred during the period of probation;
8. At least thirty days prior to the termination of the period of probation, respondent shall reimburse the Disciplinary Fund for any Client Protection payments arising from his conduct;
9. Probation shall be revoked if respondent is found to have violated any of the foregoing terms. The 90-day suspension shall commence from the date of the determination that any term of probation has been violated.

. Supreme Court Rule XIX, § 21(D) provides: Upon the expiration of thirty days from service of the notice pursuant to the provisions of paragraph B, this court shall impose the identical discipline unless disciplinary counsel or the lawyer demonstrates, or this court finds that it clearly appears upon the face of the record from which the discipline is predicated, that:
(1) The procedure was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or
(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the court could not, consistent with its duty, accept as final the conclusion on that subject; or
(3) The imposition of the same discipline by the court would result in grave injustice; or
(4) The misconduct established warrants substantially different discipline in this state.
If this court determines that any of those elements exists, this court shall enter such other order as it deems appropriate. The burden is on the party seeking different discipline in this jurisdiction to demonstrate that the imposition of the same discipline is not appropriate.