ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
1, This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Frederick P. Heisler, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS
The facts of this matter are not disputed. On June 6, 1998, Harriett Butler was injured while a passenger on a lift bus operated by the New Orleans Regional Transit Authority. Two days later, Ms. Butler consulted with respondent, who agreed to undertake her representation on a contingent fee basis. Respondent advanced Ms. Butler’s medical expenses and attempted to negotiate a settlement of her *21 claim with the RTA. At some point in 1998 or 1999, the RTA offered the sum of $8,000 in settlement of Ms. Butler’s personal injury claim. Respondent did not convey the offer to Ms. Butler before he rejected it as insufficient. Further settlement discussions proved fruitless, and in May 1999, respondent filed suit on Ms. Butler’s behalf in the Civil District Court for the Parish of Orleans. After preliminary discovery efforts, respondent took no further steps in the prosecution of Ms. Butler’s suit.
During the course of the representation, Ms. Butler contacted respondent’s office to learn the status of her case and to request loans. In November 1999, Ms. Butler received an advance of $50. In June 2001, respondent issued his check in the ^amount of $969.47 in exchange for Ms. Butler’s check in the same amount. In November 2001, Ms. Butler delivered several pieces of jewelry to respondent as collateral for a loan in the amount of $1,000. About a month later, Ms. Butler retrieved the jewelry without repaying the loan. In January 2002, Ms. Butler received an advance of $200; she repaid this sum to respondent in April 2002.
In December 2002, Ms. Butler telephoned respondent to inquire about the status of her case. During this conversation, respondent for the first time advised Ms. Butler of the earlier settlement offer, and he told Ms. Butler that in his opinion the offer was inadequate. Nevertheless, Ms. Butler directed respondent to accept the offer and to settle her case for $8,000. Upon reviewing the file, respondent realized that there had been no activity in the case for over three years, and he knew that any effort to revive the case at that point would likely be met with a motion to dismiss the suit on grounds of abandonment.
Rather than advise his client of the truth, respondent decided to proceed as if the settlement had been confected as Ms. Butler had requested. In other words, respondent decided to fund the settlement himself. He prepared a simulated settlement sheet for Ms. Butler’s signature, reflecting a gross settlement of $8,000 and deductions for medical expenses ($590), court costs ($773.50), client advances ($1,050)[1] and a 40% attorney’s fee ($3,200). On December 19, 2002, respondent disbursed $2,386.50 to Ms. Butler as her share of the “settlement proceeds.” In August 2003, after Ms. Butler complained that she was not satisfied with the amount she received from the settlement, respondent gave her an additional $1,613.50, for a total of $4,000, or one-half of the $8,000 settlement offer.
lain November 2003, Ms. Butler filed a complaint against respondent with the ODC. Respondent answered the complaint and admitted his misconduct.
DISCIPLINARY PROCEEDINGS
On June 30, 2004, the ODC filed one count of formal charges against respondent, alleging that his conduct violated Rules 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.4 (failure to communicate with a client), 1.8(a) (entering into a business transaction with a client), 1.8(e) (providing financial assistance to a client), 1.8(h) (settling a claim for the lawyer’s malpractice without first advising the client to seek independent counsel), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct. Respondent answered the formal charges and admitted his misconduct, but request *22 ed a hearing in mitigation. Respondent was the only witness to testify at the hearing.[2]

Hearing Committee Recommendation

The hearing committee acknowledged respondent’s admission of misconduct in the Butler matter and determined that he violated Rules 1.3, 1.4, 1.8, and 8.4 of the Rules of Professional Conduct. The committee found respondent to be honest and forthright in his testimony and recognized that he made well-intentioned efforts to remedy his wrongdoing. Considering the numerous mitigating factors present, including the absence of a prior disciplinary record, respondent’s good faith effort to | ¿make restitution, and remorse, the committee concluded that a fully deferred suspension is appropriate.
Based on this reasoning, the committee recommended that respondent be suspended from the practice of law for one year, fully deferred, subject to a period of supervised probation.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record, and considering respondent’s admission that the factual allegations of the formal charges are correct, the disciplinary board determined that respondent violated Rules 1.3, 1.4, 1.8(a), 1.8(e), 1.8(h), 8.4(a), and 8.4(c) of the Rules of Professional Conduct. Respondent neglected Ms. Butler’s case and allowed it to become abandoned. He also failed to communicate an $8,000 settlement offer to Ms. Butler, then created a simulated settlement without advising her of his malpractice and her right to seek legal counsel. Finally, respondent acknowledged the impropriety of loaning money to Ms. Butler while holding her jewelry as collateral.
Based on these findings, the board determined that respondent violated duties owed to his client and the public. Respondent’s conduct was partly negligent and partly knowing. Respondent timely filed the personal injury matter but negligently failed to pursue it thereafter and failed to communicate a settlement offer to Ms. Butler. Respondent knowingly attempted to make Ms. Butler whole through a simulated settlement, instead of advising her to seek legal counsel regarding his malpractice. Ms. Butler lost her day in court and her right to participate in the | ^decisions about her case. Respondent’s creation of a simulated settlement is a failure to maintain personal integrity and a breach of duties owed to the public. The ABA’s Standards for Imposing Lawyer Sanctions suggest that the baseline sanction for respondent’s misconduct ranges from a public reprimand to a suspension.
In mitigation, the board recognized the absence of a prior disciplinary record, full and free disclosure to the disciplinary board and a cooperative attitude toward the proceedings, and remorse. The board found that there are no aggravating factors present in this case.
Relying on the prior jurisprudence involving misconduct similar to that at issue here, the board recommended that respondent be suspended from the practice of law for one year, deferred in full, subject to a one-year period of unsupervised probation. The board also recommended that respondent be assessed with all costs and expenses of these proceedings.
*23 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992).
Respondent has admitted his misconduct in handling Ms. Butler’s personal injury matter and in attempting to remedy his malpractice through an improper | (¡settlement. He acted knowingly in some respects, but his actions were largely negligent and did not cause harm to his client.
Having found evidence of professional misconduct, the next issue presented for our consideration is the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
In prior cases involving misconduct similar to respondent’s, we have imposed suspensions from the practice of law, with all or a portion of the suspension deferred.[3] The only applicable aggravating factor in the instant matter is respondent’s substantial experience in the practice of law (admitted 1951). However, this factor |7is far outweighed by the mitigating factors present, which include respondent’s remorse for his actions, his cooperation in these proceedings, and his lack of any prior dis *24 ciplinary infractions during his fifty-five years of practice.
Under the circumstances, we conclude the appropriate sanction for respondent’s misconduct is a one-year suspension from the practice of law. We will defer this suspension in its entirety and place respondent on unsupervised probation for a period of one year,[4] subject to the condition that any misconduct by respondent during the one-year probationary period may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Fredei'ick P. Heisler, Louisiana Bar Roll number 6756, be and he hereby is suspended from the practice of law for a period of one year. It is further ordered that this suspension shall be deferred in its entirety, and respondent shall be placed on unsupervised probation for a period of one year from the finality of this judgment, subject to the condition that any misconduct by respondent during the one-year probationary period may be grounds for making the deferred suspension executory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., would reject.

. Respondent did not charge Ms. Butler any interest on the advances he made to her.

. The ODC served Ms. Butler with a subpoena to testify before the committee, but she subsequently informed the ODC that she did not wish to appear because she has known respondent for many years and did not want to do anything “to cause him any harm."

. See, e., g., In re: Spears, 00-0028 (La.2/4/00), 753 So.2d 204 (one year and thirty-one day suspension, with all but thirty days deferred, followed by a two-year period of probation with conditions, imposed upon an attorney who allowed his client's claim to prescribe, then misled her into believing that the case had settled and paid her $5,000 from his personal funds as the "settlement”); In re: Parker-Davis, 99-2953 (La.1/7/00), 763 So.2d 569 (fully deferred three-month suspension, plus Ethics School, imposed upon an attorney who allowed her aunt’s personal injury case to prescribe and then gave her a check for $300, explaining that "when a case expires, this is what lawyers do”); In re: Southall, 97-3221 (La.5/8/98), 710 So.2d 245 (one year and one day suspension, with six months deferred, followed by a one-year period of supervised probation, imposed upon an attorney who agreed to represent clients in a legal matter, but negligently failed to conduct settlement negotiations, timely file suit, or keep her clients informed of the status of the matter); In re: Thompson, 98-0079 (La.5/8/98), 712 So.2d 72 (fully deferred one-year suspension, subject to an eighteen-month period of supervised probation with conditions, imposed upon an inexperienced attorney who allowed his client's claim to prescribe and then monetarily settled his liability without advising his client to seek independent legal advice); In re: Elbert, 97-1303 (La.9/5/97), 698 So.2d 949 (one-year suspension, with six months deferred, followed by a two-year period of supervised probation with conditions, imposed upon an attorney who failed to communicate a settlement offer to his clients and then monetarily settled his liability without advising his clients to seek independent legal advice); and In re: Broussard, 95-1454 (La.9/15/95), 660 So.2d 818 (fully deferred one year and one day suspension, subject to a two-year period of supervised probation with conditions, imposed upon an attorney who failed to timely file suit in his client's personal injury matter, falsely informed the client that the claim had settled, and then distributed funds in accordance with a fictitious accounting).

. The probationary period shall commence from the date respondent and the ODC execute a formal probation plan. See In re: Pepper, 05-2093 (La. 1/27/06), 922 So.2d 527.