JiPER CURIAM.*
This attorney disciplinary proceeding arises from the fifing of one count of formal charges by the Office of Disciplinary Counsel (“ODC”) against respondent, Kevin David Thompson, an attorney licensed to practice law in the State of Louisiana, for allowing his client’s claim to prescribe and becoming involved in a conflict of interest by attempting to monetarily settle his liability with his client, in violation of Rules 1.3 (lack of due diligence); Rule 1.4 (failure to communicate with a client); 1.7(b)(representing a client with a present conflict of interest); 1.8(a)(en-tering into business transactions with a client); 1.8(c)(providing financial assistance to a client); 1.8(h)(making an agreement limiting the lawyer’s liability for malpractice); 1.16(a)(decfining or terminating representation); 8.3(a)(failure to report malpractice); 8.4(a)(violation of the Rules of Professional Conduct); and 8.4(e)(engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) of the Rules of Professional Conduct.
The record indicates that respondent was retained by Carmen Lynn Scott to pursue a worker’s compensation claim on her behalf. Respondent failed to timely pursue the claim and believed it had prescribed. Since respondent did not at the time have professional liability insurance, he made a “personal agreement” with Ms. Scott to advance funds up to $7,500.00 to her.[1] After he made about twenty-five cash advances, aggregating to approximately $5,000.00 over a two year period, respondent had his client execute a “distribution statement” drafted in the language of a tort claim Rreceipt and release agreement.[2]
Ms. Scott filed a complaint with the ODC. While the respondent admitted in his answer that he let the claim prescribe, he stated he advised his client of his failure to timely file her claim and agreed to pay her restitution in monthly installments pursuant to their agreement.
Thereafter, the ODC filed formal charges, and a hearing was conducted before the committee. The parties stipulated to the mitigating factors present: no prior disciplinary record, free disclosure with the. ODC and inexperience in the practice of law.[3] As factors in aggravation, the board argued dishonest and selfish motive, refusal to acknowledge wrongful nature of conduct, and vulnerability of the victim. Respondent testified on his own behalf and had a witness testify regarding his good reputation in the community.
On September 4, 1997, the hearing committee filed its recommendation with the disciplinary board, proposing respondent be *74 suspended from the practice of law for seventy-five days, with reinstatement conditioned on supervised probation for a period of eighteen months, as well as completion of mandatory continuing legal education primarily in the area of ethics.
On January 9,1998, the disciplinary board issued its recommendation to this court. The board determined the evidence showed respondent permitted his client’s case to prescribe and later became involved in a conflict of interest when he tried to settle his liability without advising his client to seek independent legal advice. The board recommended respondent be suspended from practice for a period of one year, with such suspension totally deferred, and placed on an eighteen month probationary period under the guidance of a practice monitor. It also recommended that respondent take two additional hours of continuing legal education in the area of ethics annually for all years or partial years he is on probation, as well as be as-sessedjgwith costs.
On February 2, 1998, respondent filed an objection in this court tó the disciplinary board’s proposed sanction.
Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the disciplinary board be adopted.
Accordingly, it is ordered respondent, Kevin David Thompson, be suspended from the practice of law for a period of one year, deferred, subject to an eighteen month period of supervised probation under the conditions set forth in the disciplinary board’s recommendation. All costs in this matter are assessed against respondent.
LEMMON,J., dissents and assigns reasons.
CALOGERO, C.J., dissents in part, being of the view that a public reprimand would be sufficient discipline in this case.

 Victory, J. not on panel. Rule IV, Part 2, § 3.

.The record is conflicting as to whether Ms. Scott was made aware of the malpractice by the respondent when they entered into their agreement.

. Respondent testified he only paid $5,000 because he valued Ms. Scott’s claim at $7,500.00 and then deducted his 1/3 contingency fee.

. Respondent was practicing law for one and one-half years at the time of his misconduct.