ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This attorney disciplinary proceeding arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Woody Marvin Dunn, an attorney licensed to practice law in the State of Louisiana. The charges allege respondent allowed his client’s claim to be dismissed on grounds of abandonment, and that he became involved in a conflict of interest by attempting to monetarily settle his liability with his client, in violation of Rules 1.1 (lack of competence); 1.3 (lack of due diligence); 1.4 (failure to comply with reasonable requests for information); 1.8(h) (making an agreement limiting the lawyer’s liability for malpractice); 8.4(a) (violating the Rules of Professional Conduct); 8.4(c) (engaging in conduct involving fraud, deceit, dishonesty or misrepresentation); and 8.4(d) (engaging in conduct prejudicial to the administration of justice) of the Rules of Professional Conduct.
UNDERLYING FACTS
The record indicates that Tina M. Rizzutto retained respondent to pursue a personal injury case on her behalf arising out of a vehicular accident. While respondent timely filed suit on Mrs. Rizzutto’s behalf, he failed to actively pursue the case for over five years, ultimately resulting in a dismissal of the suit on grounds of abandonment.[1]
After Mrs. Rizzutto advised respondent of the dismissal of her law suit, he acknowledged his error and offered to settle with her for the amount of $4,500. However, he did not advise his ^client to seek advice from independent counsel on the settlement. Shortly thereafter, the respondent forwarded a check to his client in the amount of $1,500.[2]
DISCIPLINARY PROCEEDINGS
Subsequently, Mrs. Rizzutto filed a complaint with the ODC, as well as a legal malpractice suit, against respondent. Three months later, respondent paid the balance of the settlement amount along with attorneys fees, resulting in the dismissal of the malpractice suit. After the ODC instituted formal charges, respondent answered, conceding he negligently permitted his client’s suit to be dismissed, but denying his actions were unethical.
The hearing committee conducted a formal hearing. Mrs. Rizzutto testified she did not think respondent tried to cheat her when he offered to settle his liability. Mrs. Rizzutto’s husband testified that respondent had provided satisfactory legal services for him in the past and seemingly made a simple mistake in the personal injury suit involving his wife. The respondent testified on his own behalf, alleging Mrs. Rizzutto’s ease was the first he had involving an insurance company in receivership, causing him to have to deal with the Louisiana Insurance Guaranty Association (“LIGA”). He testified it was a frustrating process because he was unable to locate the person handling his client’s claim who was in a position to settle the case. Respondent introduced one letter into evidence indicating he had in fact sent medical information to LIGA and attempted to settle the case. Further, he testified he communicated with his client prior to the dismissal of the case.
After the conclusion of the hearing, the hearing committee filed its report with the disciplinary board. In its report, the hearing committee found that respondent demonstrated a lack of diligence, resulting in his client’s ease being dismissed as abandoned. However, as to respondent’s subsequent settlement with his client, the committee deter *463 mined there was no evidence ^respondent used his “superior” position to take advantage of his client when he entered into the contract with her. Although it recognized respondent did not advise his client to seek independent counsel, the committee noted respondent’s conduct ‘Vas intended to be fair and reasonable and he was not attempting to exploit his representation of the client.”
Relying on the ABA Standards for Imposing Lawyer Sanctions, the committee noted the baseline sanction for respondent’s conduct ranged from admonition to reprimand.[3] As factors in aggravation, the committee recognized respondent’s experience in the practice of law and the fact the suit became abandoned over a five year period. As mitigating factors, the committee recognized respondent’s personal problems, acknowledgment of his error, his immediate attempt to make his client whole and candor with his client.
Based on these factors, the committee determined the appropriate discipline in this case would be admonition. However, since an admonition may not be imposed once formal charges are filed,[4] the committee ultimately declined to impose any sanction on respondent.
The ODC filed an objection with the disciplinary board to the committee’s failure to impose any sanction.
Thereafter, the disciplinary board issued its recommendations to this court. The board stated it was “concerned that Respondent settled a malpractice claim without advising his client to seek independent counsel, which is a conflict of interest | regardless of how fair the settlement appears to be.” Thus, it concluded the committee erred in finding respondent’s conduct with regard to the settlement did not constitute a violation of the Rules of Professional Conduct.[5]
Relying on Standards 4.32[6] and 4.42[7] of the ABA Standards for Imposing Lawyer Sanctions, the board concluded suspension was the baseline sanction. It adopted the mitigating and aggravating factors cited by the hearing committee, and noted the presence of additional aggravating factors: prior discipline,[8] selfish motive (settling matter without referring the client to independent counsel), pattern of conduct (in allowing the matter to take five years) and vulnerability of the victim. Nonetheless, the board concluded respondent was “basically an honest person” and believed that the conduct would not occur again. Based on all these factors, the board recommended respondent be suspended from the practice of law for a period of six months, with this suspension totally deferred, conditioned upon successful completion of a one year probationary period with a practice monitor to periodically review respondent’s case files. It further recommended respondent be assessed with proceeding costs.
*464 Respondent .filed an objection in this court to the disciplinary board’s proposed sanction, and the matter was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b). .
CONCLUSION
Based on the facts of this matter, we conclude the | ^sanction recommended by the disciplinary board is appropriate. While respondent’s failure to advise his client to retain independent counsel prior to entering into the settlement is clearly a violation of the Rules of Professional Conduct, the hearing committee made a finding of fact, which is supported by the record, that respondent intended to be fair and reasonable and he was not attempting to exploit his representation ’ of the client. Under such circumstances, a period of deferred suspension, subject to a probationary period, is an adequate sanction. In re Kevin Thompson, 98-0079 (La.5/8/98), 712 So.2d 72.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is the decision of this court that the recommendation of the disciplinary board be adopted. Accordingly, it is ordered that respondent, Woody Marvin Dunn, be suspended from the practice of law for a period of six months, deferred, subject to a one year probationary period under the conditions recommended by the disciplinary board. Costs in the amount of $788.80 are assessed against respondent.
CALOGERO, C.J., dissents in part being of the view that a public reprimand is an adequate penalty for the relatively minor misconduct proved in this ease.
LEMMON, J., dissents, believing that a public reprimand is the appropriate remedy under the circumstances of this case.

 Traylor, J., not on panel. Rule IV, Part 2, § 3.

. Respondent was apparently unaware that his client's suit was dismissed because, while representing his client's husband, Joseph Rizzutto, in an unrelated domestic matter, respondent advised he was still trying to settle Mrs. Rizzutto’s personal injury case.

. Respondent alleges that due to economic and personal problems, he did not have sufficient funds to finance the balance of the settlement at that time.

. The commiltee relied on ABA Standards 4.3, 4.3 and 4.34. Standard 4.3 provides a reprimand is generally appropriate when a lawyer is negligent in determining whether the representation of a client may be materially affected by the lawyer’s own interest.
Standard 4.4 provides a reprimand is appropriate "when an attorney is negligent or does not act with reasonable diligence in representing a client that causes injury or potential injury to a client." It further provides an "admonition is generally appropriate when a lawyer is negligent or does not act with reasonable diligence in representing a client and causes little or no actual damage or potential injury to a client.”
Standard 4.34 provides admonition is "generally appropriate when a lawyer engages in an isolated incident of negligence in determining whether representation of a client may be materially affected by the lawyer’s own interest.”

. See Supreme Court Rule XIX, § 10(A)(4), (5).

. Citing Rule 8.4(d) (engaging in conduct prejudicial to the administration of justice), the board stated "the settling of a malpractice case with a client without advising the client to seek independent counsel is prejudicial to the administration of justice and strikes at the heart of the prohibition altogether.”

. ABA Standard 4.32 suggests suspension is "appropriate when .a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.”

. ABA Standard 4.42 suggests suspension is "appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client.”

. On June 17, 1996, the respondent was admonished for failure to cooperate. In Re: Woody M. Dunn, 95-ADB-029.