731 So.2d 878 (1999)
In re Charles R. GRADY.
No. 99-B-0440.
Supreme Court of Louisiana.
April 9, 1999.

*879 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.[*]
This attorney disciplinary proceeding arises from one count of formal charges instituted by the Office of Disciplinary Counsel ("ODC") against respondent, Charles Grady, an attorney licensed to practice law in the State of Louisiana.

UNDERLYING FACTS
In March of 1991, Monica Peters-Morris retained respondent to represent her in connection with a personal injury matter. One year later, respondent filed suit on behalf of his client against the tortfeasor and his insurer. The tortfeasor's insurer became insolvent in 1993, and the Louisiana Insurance Guaranty Association ("LIGA") was substituted in its place. LIGA advised respondent that Ms. Peters-Morris' uninsured motorist coverage would prime its coverage, and requested that her claim against it be dismissed. Respondent failed to communicate this fact to his client. Over the following three years, respondent led her to believe he was still pursuing her claims.
Additionally, in November of 1993, respondent became ineligible to practice law due to his failure to comply with the mandatory continuing legal education requirements.[1] Respondent failed to advise his client of this fact, nor did he terminate his representation.
From June, 1995 to March, 1996, Ms. Peters-Morris attempted repeatedly to contact respondent, but he was unable to do so. She contacted the Louisiana State Bar Association and learned for the first time respondent had been ineligible to practice law. However, when she finally did speak to respondent, she asserted he denied he was ineligible to practice and again attempted to lead her to believe he was handling her case.

DISCIPLINARY PROCEEDINGS
Subsequently, Ms. Peters-Morris filed a complaint with the ODC. In his response to the ODC, respondent "categorically denied any allegations" of the complainant. When he later failed to answer the ODC's request for supplemental information, a subpoena was issued compelling his attendance at a scheduled deposition. In his deposition, respondent conceded that Ms Peters-Morris called his office, but he failed to return her calls. He testified that once he became ineligible to practice law, he did no further work on Ms. Peters-Morris' case, but admitted that he did not send a disengagement letter. He indicated he did not return her file to her until prompted by the ODC in August, 1996. However, he stated he did not receive any *880 compensation from Ms. Peters-Morris for his services or expenses incurred.
Thereafter, the ODC instituted formal charges against respondent, alleging several professional violations.[2] A hearing was conducted before the committee. Respondent failed to appear or file any response or objection to the proceeding, despite receiving notice. Ms. Morris appeared and testified to the facts in the formal charges. The ODC submitted into evidence documentation contradicting respondent's testimony that he had not represented Ms. Morris once he was declared ineligible to practice.[3]

Hearing Committee Recommendation
The hearing committee concluded respondent acted intentionally, and the actual or potential injuries caused were substantial to his client. In support, it noted Ms. Peters-Morris's medical bills have not been paid and she is unsure whether her own insurance carrier will provide coverage for the claim. Relying on the ABA Standards for Imposing Lawyer Sanctions,[4] the committee determined the *881 baseline sanction was suspension. After recognizing the presence of aggravating and mitigating factors,[5] the committee recommended the respondent be suspended for a period of one year and one day, as well as assessed with all costs.

Disciplinary Board Recommendation
The disciplinary board issued its recommendation to the court concurring in the findings and recommendation of the hearing committee. Relying on the aggravating and mitigating factors and ABA Standards cited by the committee, the disciplinary board also proposed that a one year and one day suspension be imposed.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.

DISCUSSION
The record supports the findings of fact made by the hearing committee and disciplinary board that respondent committed the professional misconduct as charged. After considering the aggravating and mitigating factors, we conclude that the discipline recommended by the board is appropriate.

DECREE
Accordingly, it is ordered that respondent, Charles Grady, be suspended from the practice of law for a period of one year and one day. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.
NOTES
[*] Marcus, J. not on panel. Rule IV, Part II, § 3.
[1] A certificate provided by the LSBA, dated September 17, 1996, indicates the respondent was ineligible to practice law for the following periods:

07/29/88-01/15/92non payment of dues
01/01/93-10/15/93failure to comply with Rule XIX
09/01/93-09/08/93non payment of dues
11/01/93-10/22/97failure to comply with MCLE
09/06/95-01/06/96non payment of dues
[2] The formal charges alleged the following violations of the Rules of Professional Conduct:

Rule 1.1:
(a) A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation necessary for the representation.
(b) A lawyer is required to comply with the minimum requirements of continuing legal education as prescribed by the Louisiana Supreme Court rule.
Rule 1.3:
(a) A lawyer shall act with reasonable diligence and promptness in representing a client.
Rule 1.4:
(a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information.
(b) The lawyer shall give the client sufficient information to participate intelligently in decisions concerning the objectives of the representation and the means by which they are to be pursued, to the extent the client is willing and able to do so.
Rule 5.5:
A lawyer shall not:
(a) Practice law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction; or
(b) Assist a person who is not a member of the bar in the performance of activity that constitutes the unauthorized practice of law.
Rule 8.1:
A lawyer in connection with a disciplinary matter shall not:
(a) Knowingly make a false statement of material fact; or
(b) Fail to disclose a fact necessary to correct a misapprehension known by the person to have arisen in the matter; or knowingly fail to respond to a lawful demand for information from a disciplinary authority;
(c) Fail to cooperate with the Committee on Professional Responsibility in its investigation of any matter before it.
Rule 8.4:
It is professional misconduct for a lawyer to:
(a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
(c) Engage in conduct involving fraud, deceit, dishonesty or misrepresentation;
(d) Engage in conduct that is prejudicial to the administration of justice;
(g) Except upon the expressed assertion of a constitutional privilege, to fail to cooperate with the Committee on Professional Responsibility in its investigation of alleged misconduct.
[3] The respondent became ineligible to practice in November, 1993. In correspondence dated February, 1994 and March 9, 1995, the respondent wrote to his client regarding her uninsured motorist coverage. There was no mention of disengaging his services. Also, on March 9, the respondent wrote to counsel for LIGA, Christopher Lozes, advising of the types of insurance his "client" had. On March 21, 1995, the respondent again wrote Mr. Lozes stating that he "would prefer to await [the U.M. carrier's] decision regarding my client's claim before voluntarily dismissing her claim against LIGA." Finally, on March 25, 1995, the respondent wrote to the CDC clerk of court advising of, in his capacity as counsel for Ms. Morris in her lawsuit, his change of address.
[4] ABA Standard 4.42 provides suspension is generally appropriate when a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client. ABA Standard 6.12 provides suspension is also appropriate when a lawyer knows that false statements or documents are being submitted to the Court or that material information is improperly being withheld. ABA Standard 8.2 provides suspension is also generally appropriate when a lawyer has been reprimanded for the same or similar misconduct and engages in further similar acts of misconduct that caused injury or potential injury to a client, the public, the legal system or the profession.
[5] While the disciplinary board noted the lack of selfish motive as the only mitigating factor, it recognized the following factors in aggravation: prior disciplinary offenses (1/30/90private reprimand for failure to communicate with a client and the Committee on Professional Responsibility; 1/12/95admonition for failure to cooperate in Committee on Professional Responsibility investigation); refusal to acknowledge wrongful nature of conduct as evidence by his misrepresentation that he did not engage in the unauthorized practice of law when there is evidence to the contrary; and vulnerability of victim.