*336 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against Dixie Taylor, an attorney licensed to practice law in the State of Louisiana, but currently ineligible to practice.[1]
UNDERLYING FACTS
On March 2, 1998, Kellie Broussard retained respondent to represent her in a divorce proceeding. Ms. Broussard initially paid respondent a $685 retainer fee, and paid respondent an additional $300 in April 1998. Respondent filed pleadings and made two court appearances on behalf of her client. On April 22, 1998, after a meeting with opposing counsel, respondent advised Ms. Broussard that she would contact her when the divorce was finalized in September or October of 1998.
The following month, respondent became ill, suffering from hepatitis and pneumonia stemming from a gall bladder ailment. She was hospitalized many times in July of 1998, and was sick for the next several weeks. During this time, Ms. Broussard attempted to contact respondent on numerous occasions when she learned that her husband had instituted divorce proceedings, but to no avail. Respondent 1 ¡Jailed to return telephone calls *337 from Ms. Broussard, her only client, or to advise her of her medical condition.
On September 21, 1998, respondent was served with a court order advising her to appear with her client on October 21, 1998 for a hearing on the petition for divorce filed by Mr. Broussard. Again, respondent made no effort to contact her client. In November 1998, Ms. Broussard learned that her husband had been granted a divorce at the scheduled hearing and had already remarried. Ms. Broussard retained other counsel and was advised respondent had been suspended from the practice of law.
On February 24, 1999, ten months from her last communication with respondent, Ms. Broussard filed a complaint with the ODC. The ODC mailed three requests for information to respondent, but each was returned to the ODC with the designation “unclaimed.”
Pursuant to a subpoena, respondent appeared for a deposition on May 28, 1999, conceding she neglected her client’s case. While she maintained she was just too ill to return any of Ms. Broussard’s calls and to advise her of the pending hearing, she admitted that she had been working approximately twenty hours per week at a retail store during the period at issue and was raising her two children by herself. Further, she testified that she was too sick to attend the October 21, 1998 hearing, even though she had started teaching school the week before and has worked steadily ever since. In any event, respondent claimed there was no prejudice to Ms. Broussard, because her husband would have gotten his divorce whether or not she or her client appeared for the hearing. While she had no written records to support her legal fee, respondent alleged she had fully earned the retainer through telephone conferences with her “obsessive” client, eight hours worth of court appearances, a meeting with opposing ^counsel, and typing and drafting pleadings.[2] Finally, as to the claims of her failure to cooperate, respondent testified she did not have time to go to the post office to pick up the ODC’s three certified requests for information regarding the complaint.
DISCIPLINARY PROCEEDINGS

Formal Charges

After investigation, the ODC filed formal charges against respondent, alleging her conduct violated Rules 1.3 (lack of reasonable diligence in representing a client), 1.4 (failure to communicate with a client), Rule 1.5(f)(g) (failure to account for and return unearned fees), and 8.1 (failure to cooperate) of the Rules of Professional Conduct, and violated Supreme Court Rule XIX, § 26 (failure to notify client of ineligibility to practice law). When respondent failed to answer the charges, the hearing committee gave the parties time to file written arguments and documentary evidence on the issue of sanctions. The ODC submitted documentary evidence in support of the charges; respondent made no filing.

Hearing Committee Recommendation

After consideration of the evidence, the hearing committee concluded, in light of the mitigating evidence, there was insufficient evidence to indicate respondent willfully and knowingly violated any of her duties owed to her client. Thus, it recommended the charges be dismissed in full.
The ODC filed an objection to the committee’s findings and lenient recommendation, urging that a six-month to one-year suspension was appropriate under the facts.

\ ¿Disciplinary Board Recommendation

After reviewing the record, the disciplinary board concluded the findings of the hearing committee was manifestly errone- ■ ous. In support, the board found respon *338 dent admitted that she received her client’s messages, but did not return her calls. Respondent made no effort to inform her client of her illness or the pending hearing on her divorce. The board further noted that respondent’s illness did not prevent her from engaging in other employment during the same time. Based on these facts, the board respondent concluded knowingly and intentionally neglected her client’s case and failed to communicate with her client. It also found respondent failed to complete the representation, and failed to refund her unearned fees.
As a sanction, the disciplinary board recommended respondent be suspended for a period of six months, with three months deferred, followed by a one-year period of probation under the supervision of a probation monitor. It also proposed that during the period of probation, respondent attend the Ethics School sponsored by the Louisiana State Bar Association.
Neither respondent nor the ODC objected to the board’s recommendation.
DISCUSSION
The record clearly supports the disciplinary board’s findings that respondent knowingly and intentionally neglected her client’s case, failed to communicate with her client, failed to account for the unearned fee, and failed to cooperate with the ODC. While we recognize respondent was ill during this period, the record reveals that respondent was not so incapacitated that she could not have withdrawn from the case or taken other efforts to protect her client’s interests.
Turning to the issue of sanctions, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain | ¡¡appropriate standards of professional conduct to safeguard the public, to pre-' serve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
Typically, this court has imposed harsher suspensions in similar cases involving neglect of client matters. See In re Ber-geron, 00-1386 (9/15/00), 768 So.2d 595 (one year and one day suspension imposed on an attorney for neglect of a legal matter, failure to communicate, and failure to cooperate stemming from a nervous breakdown); In re Grady, 99-0440 (La.4/9/99), 731 So.2d 878 (one year and one day suspension imposed on an attorney for neglect of a legal matter, misleading his client into believing that the case was being pursued, and failure to inform the client of ineligibility to practice); and In re Powers, 98-2826 (La.1/29/99), 731 So.2d 185 (one year and one day suspension imposed on an attorney for neglect of a legal matter, failure to communicate, and failure to return unearned fee). However, we recognize several mitigating factors in the instant case, including respondent’s absence of a prior disciplinary record, the lack of a dishonest or selfish motive on her part, and her physical problems due to her illness. Under these circumstances, we will accept the sanction proposed by the disciplinary board.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that respondent, Dixie Taylor, be suspended from the practice of law for a period of six months. Three months of said suspension shall be deferred, subject to a one-year period of probation under the supervision of a probation monitor. During the period of probation, respondent shall attend the Ethics School sponsored by the Louisiana State Bar Association. All costs | fiand expenses in this matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty *339 days from the date of finality of this court’s judgment until paid.

. Although she has no prior disciplinary record, respondent is currently ineligible to practice law stemming from her failure to comply with mandatory continuing legal education requirements, as well as her failure to pay bar dues.

. Respondent, who had no secretary, alleged she charged $ 100/hour to draft and type a petition for divorce and temporary restraining order, which she claimed took approximately four hours.