*737 ATTORNEY DISCIPLINARY PROCEEDINGS
LPER CURIAM.
This matter arises from a petition for consent discipline filed by respondent, John T. Holmes, an attorney licensed to practice law in the State of Louisiana, who is currently on suspension.
PRIOR DISCIPLINARY HISTORY
Prior to addressing the instant misconduct, we find it helpful to review respondent’s disciplinary history. Respondent was admitted to the practice of law in 1974. In July 1998, this court placed respondent on interim suspension pending an investigation into allegations of conversion of funds which occurred between 1992 and 1993. In re: Holmes, 98-1892 (La.7/17/98), 717 So.2d 1126. Thereafter, this court suspended respondent from the practice of law for a period of eighteen months based on this misconduct. In re: Holmes, 98-3008 (La.1/8/99), 729 So.2d 1018 (Holmes I). Although respondent is eligible to seek reinstatement from this suspension, he has not done so.
Respondent was also admonished by the disciplinary board in 1999 for failing to communicate with a client and failing to cooperate in a disciplinary investigation, violation of Rules 1.4 and 1.16(d), respectively.
| .UNDERLYING FACTS
In March 1991, Ursula Holmes and Ralph Holmes[1] retained respondent to represent them in a personal injury matter. In January 1992, respondent filed a petition for damages on behalf of his clients. Subsequently, respondent neglected to communicate with his clients for a period of several years.
No further action took place in the case until November 1999, when it was dismissed as abandoned by the trial court due to respondent’s failure to take any action in the prosecution of the ease for over six years. Respondent neglected to advise his clients of his inaction and the dismissal of their case. Additionally, he failed to advise them of his suspension from the practice of law in Holmes I.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

After investigating the matter, the Office of Disciplinary Counsel (“ODC”) instituted formal charges against respondent alleging numerous professional violations. Prior to a formal hearing on those charges, respondent filed a petition for consent discipline with the disciplinary board conceding he knowingly breached duties to his clients and the profession by violating the Rules of Professional Conduct. Specifical *738 ly, respondent admitted to failing to competently represent his clients in violation of Rule 1.1(a), failing to exercise due diligence in the handling of his clients’ case in violation of Rule 1.3, failing to properly communicate with his clients in violation of Rules 1.4(a) and 1.4(b), and failing to expedite his clients’ litigation in violation of Rule 3.2.
^Respondent acknowledged that two aggravating factors existed: his prior disciplinary record and substantial experience in the practice of law. In mitigation, respondent cited his absence of a dishonest or selfish motive, full and free disclosure to the disciplinary board and cooperative attitude toward proceedings, and remorse. Relying on the ABA’s Standards for Imposing Lawyer Sanctions[2] and jurisprudence from this court,[3] respondent proposed that he be suspended from the practice of law for a period of one year and one day, with all but six months deferred, followed by an eighteen month period of supervised probation with conditions.[4]
The ODC concurred in the petition for consent discipline, and submitted a memorandum in support. Subsequently, a joint stipulation of facts was prepared and submitted by respondent and the ODC.

Disciplinary Board Recommendation

Based on respondent’s admission of misconduct, the board determined respondent violated duties owed to his clients by failing to pursue their case. It found |4his failure to advise them of the abandonment of the suit resulted in their frustration and the further delay in the resolution of the matter. The board also found respondent allowed his clients’ case to stagnate on the court’s docket from 1993 to 1999, causing damage to the court system. It asserted respondent knew or should have known that he had failed to take action in the pending lawsuit and that it would be the subject of dismissal.
Relying on jurisprudence from this court, the ABA’s Standards for Imposing Lawyer Sanctions, and the aggravating and mitigating factors cited in the consent petition, the board recommended the consent discipline be adopted.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that *739 the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 518 So.2d 1178 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The record reveals respondent neglected and failed to expedite his clients’ legal matter, resulting in their suit being dismissed on abandonment grounds. His actions caused actual injury to his clients. The baseline sanction for such misconduct is a lengthy suspension. See, e.g., In re: Elbert, 97-1303 (La.9/5/97), 698 So.2d 949 (one year suspension with six months deferred, subject to a two year conditional probation, imposed on an attorney for incompetently handling a client matter and attempting to settle his liability with the client without advising the client to seek advice of outside counsel); In re: LeBlanc, 97-1056 (La.9/19/97), 699 So.2d 378 (eighteen month suspension imposed on an attorney who permitted a client’s case to be dismissed with prejudice based on the attorney’s incompetence and misrepresented facts to the client regarding the status of the case).
Although the proposed consent discipline of a one year and one day suspension with all but six months deferred is somewhat lenient in light of this jurisprudence, we observe that the misconduct in this case occurred during the same general time frame as the conduct in Holmes I. When a second disciplinary proceeding against an attorney involves misconduct which occurred during the same time period as the first proceeding, the overall discipline to be imposed should be determined as if both proceedings were before the court simultaneously. In re: Vaughan, 01-1948 (La.10/26/01), 801 So.2d 1058; Louisiana State Bar Ass’n v. Chatelain, 573 So.2d 470 (La.1991). The proposed consent discipline, when considered together with Holmes I and in light of the mitigating factors, represents an appropriate sanction for respondent’s misconduct.
Accordingly, we will accept the petition for consent discipline and impose a one year and one day suspension, with all but six months deferred, subject to an eighteen month period of probation with the proposed conditions.
UDECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that John T. Holmes, Louisiana Bar Roll No. 6969, be suspended from the practice of law for a period of one year and one day. It is further ordered that all but six months of the suspension shall be deferred and respondent shall be placed on supervised probation for a period of eighteen months, subject to the conditions set forth in the petition for consent discipline. Any violation of the conditions of probation or any other misconduct during the probationary period may be grounds for making the deferred portion of the suspension ex-ecutory, or imposing additional discipline, as appropriate. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
TRAYLOR, J., would reject.

. Although the clients have the same last name as respondent, there is nothing in the record to indicate they are related to respondent.

.Respondent relied on the following ABA Standards: Standard 4.42 provides suspension is generally appropriate when a lawyer fails to perform services for a client or engages in a pattern of neglect and causes injury or potential injury to a client; Standard 4.52 provides suspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury; and Standard 7.2 provides suspension is generally appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed to the profession, and causes serious or potentially serious injury to a client, the public, or the legal system.

. Respondent cited In re: Dunn, 98-0535 (La.6/5/98), 713 So.2d 461; In re: Thompson, 98-0079 (La.5/8/98), 712 So.2d 72.

. Respondent proposed the following probationary conditions:
a. A practice monitor shall be appointed to monitor all active civil files, effective upon respondent’s reinstatement to the practice of law;
b. Respondent shall complete the Louisiana State Bar Association’s Ethics School upon respondent's reinstatement to the practice of law; and
c. Respondent shall not engage in any future misconduct and shall provide full cooperation to the ODC stemming from any future disciplinary complaints.