*1139 | ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Malcolm R. Petal, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Garland Key was employed by the United States Marine Forces Reserve as a program analyst. In January 2001, Mr. Key filed an Equal Employment Opportunity complaint against his employer, contending that he was discriminated against based on his age and mental impairment when his request for certain employment-related accommodations was denied. After informal efforts to resolve the complaint were unsuccessful, Mr. Key retained respondent to handle the matter on his behalf. In the legal services agreement signed by Mr. Key on November 1, 2001, he agreed to pay respondent a contingency fee of 1/3 of the gross amount recovered, as well as a “non-refundable advance” fee of $2,500.[1]
On February 25, 2004, respondent confirmed that an offer had been made to settle Mr. Key’s claim for $150,000, payable in five annual installments of $30,000 12each, less attorney’s fees and expenses.[2] *1140 Mr. Key replied by letter dated March 1, 2004, in which he stated, “I concur,” then listed a number of exceptions and other issues. Mr. Key died on March 22, 2004, at which time no action had been taken on the settlement.
.On April 26, 2004, Gayle Key, Mr. Key’s widow and the executrix of his estate, met with respondent and directed him to accept the $150,000 offer in settlement of her late husband’s claim. Although respondent assured Mrs. Key that he would attempt to effect the settlement, he was not able to do so. Thereafter, respondent failed or refused to return any telephone calls regarding the matter, whether from Mrs. Key or from others calling on her behalf.
In July 2004, Mrs. Key filed a complaint against respondent with the ODC. Respondent failed to cooperate with the ODC in its investigation of the complaint. On March 29, 2005, some eight months after Mrs. Key filed the complaint, respondent faxed Mrs. Key a letter in which he proposed to settle any liability he had to her for the sum of $25,000. Notably, in his letter respondent failed to advise Mrs. Key that she had the right to seek the advice of independent legal counsel in connection with the malpractice settlement.
DISCIPLINARY PROCEEDINGS
-In 2006, the ODC filed two counts of formal charges against respondent, alleging that his: conduct in the Key matter violated the following provisions of the Rules of Professional Conduct: Rules 1.3 (failure to act with reasonable diligence and ^promptness in representing a client), 1.4 (failure to communicate with a client), 1.5 (fee arrangements), 1.8(h) (settling a claim for the lawyer’s malpractice without first advising the client to seek independent counsel), 1.16(d) (obligations upon termination of the representation), 3.4(a) (a lawyer shall not unlawfully obstruct another party’s access to evidence), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). The ODC also alleged that respondent was then ineligible to practice law for failure to comply with the mandatory continuing legal education requirements,[3] which failure constitutes a violation of Rule 1.1(b) of the Rules of Professional Conduct.
Respondent answered the formal charges and denied any misconduct. Thereafter, respondent and the ODC entered into a joint stipulation of facts and rule violations. In this document, respondent stipulated to the facts as alleged by the ODC and admitted that he violated Rules 1.1(b), 1.3, 1.4, 1.8(h), 3.4(a), 8.1(c), 8.4(a), and 8.4(d) of the Rules of Professional Conduct.[4] In September 2006, the hearing committee conducted a hearing which was limited to the issue of mitigation.

Hearing Committee Report

The hearing committee accepted the stipulated facts and found that the rule violations alleged in the formal charges were proven by clear and convincing evidence. The committee found that the baseline sanction for respondent’s miscon *1141 duct is a suspension from the practice of law. In mitigation, the committee | ¿recognized the absence of a prior disciplinary record, respondent’s inexperience in the practice of law at the time of the misconduct (admitted 1998), the imposition of other penalties and sanctions, and remorse. The committee’s report did not address the existence of any aggravating factors.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for nine months.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing the record of this matter, the disciplinary board found the hearing committee’s factual findings are not manifestly erroneous and adopted same. The board clarified that the findings of fact include the joint stipulation of facts by the parties, and also made an additional factual finding based upon the information presented at the formal hearing by the ODC concerning the settlement offer to Mr. Key. The board determined that respondent violated the Rules of Professional Conduct as charged in the formal charges, with the exception of Rule 1.16(d).[5] The baseline sanction for this misconduct is suspension.
The board found that respondent violated duties owed to his clients and to the profession. His conduct was both negligent and knowing. The amount of actual injury caused by respondent’s misconduct was negligible, as the ODC could never | ^establish that a settlement offer had actually been made by the Marine Corps to Mr. Key.
The board determined that the record supports the aggravating factors of vulnerability of the victim and bad faith obstruction of the disciplinary process by intentionally failing to comply with the rules or orders of the disciplinary agency. The record supports the following mitigating factors: absence of a prior disciplinary record, inexperience in the practice of law, and remorse.[6]
The board then turned to an analysis of the prior jurisprudence of this court involving misconduct similar to respondent’s. In In re: Thompson, 98-0079 (La.5/8/98), 712 So.2d 72, the attorney allowed his client’s claim to prescribe and then attempted to settle his malpractice liability without advising his client to seek independent legal advice. The court imposed a one-year suspension, fully deferred subject to probation. Likewise, in In re: Dunn, 98-0535 (La.6/5/98), 713 So.2d 461, the attorney allowed his client’s lawsuit to be dismissed on grounds of abandonment and then attempted to settle his malpractice liability without advising his client to seek independent legal advice. The court imposed a six-month suspension, fully deferred subject to probation. Finally, the court has held that when an attorney knowingly and intentionally neglects a *1142 client’s case, fails to communicate with a client, fails to account for an unearned fee, and fails to cooperate with the ODC in its investigation, a sanction of a six-month suspension, with three months deferred subject to probation, is warranted. In re: Taylor, 00-2392 (La.10/13/00), 770 So.2d 335. The court has also held that a one year and one day suspension is appropriate for an attorney who neglects a legal matter, misleads his client into believing that the | ficase was being pursued, and fails to inform his client of his ineligibility to practice law. In re: Grady, 99-0440 (La.4/9/99), 731 So.2d 878.
Considering these cases, the board found that the instant matter is similar to Thompson and Dunn in that respondent neglected his client’s case and then attempted to settle his malpractice liability without advising his client to seek independent counsel. It is similar to Taylor in that respondent neglected his client’s case, failed to communicate with Mrs. Key, and failed to cooperate with the ODC. Similar to the respondent in Grady, respondent neglected a legal matter and also failed to inform his client of his ineligibility to practice law. These cases suggest that respondent’s misconduct warrants a suspension in the range of six months to one year and one day, perhaps with some portion deferred. Because the sanction recommended by the hearing committee, a nine-month suspension with no time deferred, falls into this range, the board determined that 'che recommendation is appropriate.
Accordingly, the board recommended that respondent be suspended from the practice of law for nine months. The board also recommended that respondent be assessed with all costs of these proceedings.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Quaid, 94-1316 (La.11/30/94), 646 So.2d 343, 348; Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La.1992). 17WhiIe we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings. See In re: Caulfield, 96-1401 (La.11/25/96), 683 So.2d 714; In re: Pardue, 93-2865 (La.3/11/94), 633 So.2d 150.
The factual findings of the hearing committee, as modified by the disciplinary board, are supported by the record. Respondent violated the Rules of Professional Conduct by failing to comply with the minimum requirements of continuing legal education, neglecting a legal matter, failing to communicate with his client, charging a non-refundable legal fee, improperly attempting to settle his malpractice liability, and failing to cooperate with the ODC in its investigation. This conduct clearly falls below the standards expected of a lawyer licensed to practice law in this state.
Having found professional misconduct, we now turn to a discussion of an appropriate sanction. In considering that issue, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, *1143 considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
The aggravating factors present are vulnerability of the victim and bad faith obstruction of the disciplinary process by intentionally failing to comply with the rules or orders of the disciplinary agency. In mitigation, we recognize that respondent has no prior disciplinary record and has expressed remorse for his misconduct.
As noted by the disciplinary board, in prior cases involving misconduct similar to respondent’s, we have imposed suspensions ranging from six months to one year |8and one day. The recommendation here, a nine-month suspension, falls squarely within this range. Furthermore, we note that respondent, who has been represented by counsel throughout this proceeding, has not objected to the recommendation. Accordingly, we will suspend respondent from the practice of law for nine months.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that Malcolm R. Petal, Louisiana Bar Roll number 25822, be and he hereby is suspended from the practice of law for a period of nine months. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. The $2,500 fee was intended to compensate respondent "for the time it took to review and research client’s information and documentation, so that a determination could be made as to whether a cause of action existed.” See Joint Stipulation of the Material Facts Not in Dispute, ¶ 1.

. Respondent and the ODC stipulated to this fact. See Joint Stipulation of the Material Facts Not in Dispute, ¶ 4. Nevertheless, during the formal hearing, the deputy disciplinary counsel stated that she had been unable to "establish that there had, in fact, been an offer from the Marine Corps to settle Mr. Key's case for $150,000.00 or [a] settlement offer at all.” Respondent’s counsel agreed with this statement. For his part, respondent testified that he never saw a written settlement offer from the Marine Corps and simply *1140 drafted letters concerning the settlement to pacify Mr. Key.

. Respondent has been MCLE-ineligible continuously since June 2, 2004. In addition, respondent was declared ineligible to practice law on October 8, 2007 for failure to pay his bar dues and the disciplinary assessment.

. While not charged in the formal charges, respondent also stipulated that he violated Rule 5.5(a) (engaging in the unauthorized practice of law) by practicing during a period of ineligibility.

. The formal charges alleged that respondent refused to return Mrs. Key’s file to her after she terminated the representation. However, the parties stipulated that respondent had twice provided Mrs. Key with a copy of her file, and that when she requested it a third time, he offered to send it to a copying service to have it reproduced at her expense (approximately $1,000). See Joint Stipulation of the Material Facts Not in Dispute, ¶ 11. The board reasoned that respondent had complied with Rule 1.16(d) on two occasions, and that "it seems unreasonable to require that he copy, at his expense, such a large file again.”

. Although the hearing committee had found in mitigation that other penalties or sanctions were imposed against respondent, the board expressly rejected this mitigating factor, reasoning that no supporting evidence of same is apparent from the record.