*290 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
liThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Woody Marvin Dunn, an attorney *291 licensed to practice law in Louisiana, but currently ineligible to practice.[1]
FORMAL CHARGES

Count I

Respondent represented the plaintiffs in a personal injury matter. On July 12, 2004, he filed a lawsuit in the 20th Judicial District Court for the Parish of East Feli-ciana, captioned Gloria M. Sanders, Tom Sanders, Dominique Wright, and Jeremy Wright versus Dana J. Brasseaux and Joseph D. Brasseaux and GEICO Insurance Company. On February 10, 2005, respondent settled the matter for a total of $16,600. Because Mrs. Sanders had passed away by this time, respondent informed GEICO’s attorney, John Castille, II, that he would prepare the succession documents necessary to have Mr. Sanders named as the administrator of his late wife’s succession. Mr. Castille delivered to respondent the following:
1. Receipt and Release forms;
2. Joint motion and order of final dismissal;
|23. A check payable to the clerk of court for the filing of the dismissal;
4. A check for $5,200 payable to Tom Sanders, as succession representative for the succession of Gloria Sanders, and respondent;
5. A check for $5,700 payable to Jeremy Wright and respondent; and
6. A check for $5,700 payable to Dominique Wright and respondent.
Respondent and his clients endorsed the settlement checks, and they were negotiated on February 11, 2005. The proceeds of the checks were deposited into respondent’s bank account, which was not identified or registered as a trust account.
After several unsuccessful attempts to contact respondent to obtain the executed releases, Mr. Castille learned that respondent had not opened Mrs. Sanders’ succession and had not filed a motion to dismiss the lawsuit. Respondent also failed to retain the settlement funds in his trust account pending receipt of a judgment of possession, and he did not have Mr. Sanders duly appointed as the succession representative to receive Mrs. Sanders’ settlement funds.
Thereafter, Mr. Castille filed a motion to enforce the settlement, which was set for hearing in August 2005. Although respondent was served with the motion, he did not appear for the hearing. The court dismissed the lawsuit with prejudice. .
Soon thereafter, Mr. Castille filed a disciplinary complaint against respondent. The ODC mailed notice of the complaint to respondent’s primary registration address; however, the notice was returned marked “moved, left no address.” The ODC contacted respondent via telephone and then hand-delivered notice of the complaint to him. Nevertheless, respondent failed to submit a written response, necessitating the issuance of a subpoena to obtain his sworn statement, which he provided on January 11, 2006.[2]
*292 |<¡The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(a) (failure to provide competent representation to a client), 1.3 (failure to act with reasonable diligence and promptness in representing a client), 1.15(a)(g) (safekeeping property of clients or third persons), 3.2 (failure to make reasonable efforts to expedite litigation), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Additionally, the ODC alleged that respondent’s conduct violated Supreme Court Rule XIX, § 8(C) (failure to update registration address with the Louisiana State Bar Association).

Count II

Respondent has been ineligible to practice law since September 29, 2007 due to his failure to comply with mandatory continuing legal education requirements. He is also ineligible for failure to pay his bar dues and the disciplinary assessment. Additionally, respondent was ineligible to practice law from October 31, 2005 until May 24, 2006 due to his failure to pay bar dues and the disciplinary assessment for 2005-2006.
In July 2005, Ava and Lloyd Turner hired respondent to defend them against a debt collection lawsuit. Respondent charged and collected a $300 fee to begin the representation. On August 5, 2005, respondent filed an answer on the Turners’ behalf, denying some allegations of the plaintiffs petition and averring that the matter had prescribed. However, he thereafter failed to cooperate in the discovery process and failed to respond to a request for admission of facts. Accordingly, |4those issues were statutorily deemed admitted. In July 2007, judgment was rendered against respondent’s clients in the amount of $5,797.88, and in March 2008, Ms. Turner’s wages were garnished.
On March 24, 2008, respondent executed a promissory note in favor of the Turners for the amount of the judgment against them, agreeing to pay them $850 per month. Respondent did not inform the Turners that they had a right to consult independent counsel prior to accepting the promissory note. Respondent has made no payments on the note.
In April 2008, the Turners filed a disciplinary complaint against respondent. The ODC mailed notice of the complaint to respondent at his primary and secondary registration addresses. One notice was delivered, and one was returned unclaimed. Respondent failed to answer the complaint despite receiving two telephone calls from the ODC regarding same, necessitating the issuance of a subpoena to obtain his sworn statement, which he provided on October 14, 2008.[3]
The ODC alleged that respondent’s conduct violated the following provisions of the Rules of Professional Conduct: Rules 1.1(b) (failure to comply with MCLE requirements), 1.1(c) (failure to pay bar dues and the disciplinary assessment), 1.3, 1.4 (failure to communicate with a client), 1.8(a)(h) (conflict of interest), 5.5(a) (en *293 gaging in the unauthorized practice of law), 8.1(c), and 8.4(a).
DISCIPLINARY PROCEEDINGS
In July 2010, the ODC filed formal charges against respondent. Respondent failed to answer the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence | ¡¡pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.

Hearing Committee Report

After considering the ODC’s deemed admitted submission, the hearing committee determined that the factual allegations of the formal charges have been deemed admitted and proven by clear and convincing evidence. After also determining that the documentary evidence in the record supports the allegations of misconduct, the committee concluded respondent violated the Rules of Professional Conduct as charged. Specifically, the committee found that, in the Castille matter, respondent failed to properly and promptly complete the settlement, failed to properly safeguard his clients’ settlement funds, and failed to expedite resolution of the lawsuit. In the Turner matter, respondent provided legal services to the Turners when he was ineligible to practice law, and he engaged in a prohibited business transaction with the Turners.
The committee then determined that respondent negligently, if not knowingly and willfully, violated duties owed to his clients, the legal system, and the legal profession. His misconduct directly damaged or inconvenienced his clients. His misconduct also reflects a disregard for both the interests of his clients and the rights, obligations, and responsibilities attendant to the practice of law. Furthermore, respondent has not made restitution to the Turners for the damage his incompetence caused them, nor has he reimbursed GEICO for the costs and expenses it incurred because of his failure to complete the settlement in the Castille matter. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the committee determined that the baseline sanction is suspension.
|fiIn aggravation, the committee found prior disciplinary offenses,[4] a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, refusal to acknowledge the wrongful nature of the conduct, substantial experience in the practice of law (admitted 1984), and indifference to making restitution. Additionally, the committee noted that respondent has been ineligible to practice law since 2007 due to his failure to comply with bar membership requirements. The committee found no mitigating factors present.
Under these circumstances, the committee recommended that respondent be suspended from the practice of law for three years, followed by two years of probation *294 with specified conditions. The committee further recommended that half of the suspension may be deferred if respondent meets certain additional conditions within a specified time frame.
Neither respondent nor the ODC filed an objection to the hearing committee’s report and recommendation.[5] Disciplinary Board Recommendation
After acknowledging that the factual allegations of the formal charges have been deemed admitted, the disciplinary board determined that the hearing committee’s factual findings are supported by the factual allegations of the formal charges and the evidence submitted in support of those allegations. The board then determined that the committee correctly applied the Rules of Professional Conduct.
]7The board further determined that respondent knowingly violated duties owed to his clients, the legal system, and the legal profession. Respondent’s misconduct caused harm to GEICO and the Turners. After considering the ABA’s Standards for Imposing Lawyer Sanctions, the board determined that suspension and disbarment are potential baseline sanctions for respondent’s misconduct.
In aggravation, the board found prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with rules or orders of the disciplinary agency, substantial experience in the practice of law, and indifference to making restitution. In mitigation, the board found only the remoteness of the prior offenses. The board also noted that, while the record contains reference to respondent’s health problems, there is insufficient evidence in the record of said health problems to determine whether they should be considered in mitigation.
After also considering this court’s prior jurisprudence addressing similar misconduct, the board recommended that respondent be suspended from the practice of law for three years and be ordered to make restitution to the Turners.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence. In re: Banks, 09-1212 (La.10/2/09), 18 So.3d 57.
In cases in which the lawyer does not answer the formal charges, the factual allegations of those charges are deemed admitted. Supreme Court Rule XIX, § |S11(E)(3). Thus, the ODC bears no additional burden to prove the factual allegations contained in the formal charges after those charges have been deemed admitted. However, the language of § 11(E)(3) does not encompass legal conclusions that flow from the factual allegations. If the legal conclusion the ODC seeks to prove (i.e., a violation of a specific rule) is not readily apparent from the deemed admitted facts, additional evidence may need to be submitted in order to prove the legal conclusions that flow from the admitted factual allega *295 tions. In re: Donnan, 01-3058 (La.1/10/03), 838 So.2d 715.
The record in this deemed admitted matter supports a finding that respondent failed to properly complete the settlement in the Castille matter, practiced law while ineligible to do so, neglected the Turners’ legal matter, and settled a potential legal malpractice claim with the Turners without informing them to seek the advice of independent counsel. Respondent also failed to respond to the complaints filed against him, necessitating the issuance of two subpoenas to obtain his sworn statements. Based on these facts, respondent has violated the Rules of Professional Conduct as alleged in the formal charges.
Having found evidence of professional misconduct, we now turn to a determination of the appropriate sanction for respondent’s actions. In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987).
The record supports a finding that respondent knowingly violated duties owed to his clients, the legal system, and the legal profession. His misconduct caused actual harm to GEICO and the Turners. The baseline sanction for this type of misconduct is suspension.
19The following aggravating factors are present: prior disciplinary offenses, a pattern of misconduct, multiple offenses, bad faith obstruction of the disciplinary proceeding by intentionally failing to comply with the rules or orders of the disciplinary agency, substantial experience in the practice of law, and indifference to making restitution. We agree with the board that the only mitigating factor supported by the evidence is the remoteness of respondent’s prior disciplinary offenses.
In light of the numerous aggravating factors present, the harm caused by respondent’s misconduct, and the fact that respondent has failed to comply with the bar membership requirements since 2007, we will adopt the disciplinary board’s recommendation and suspend respondent from the practice of law for three years. We will also order respondent to make restitution to the Turners.
DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that Woody Marvin Dunn, Louisiana Bar Roll number 8390, be and he hereby is suspended from the practice of law for three years. It is further ordered that respondent shall make restitution to Ava and Lloyd Turner. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Chief Justice Kimball not participating in the opinion.

. Since the latter part of 2007, respondent has been ineligible to practice law due to his failure to pay bar dues and the disciplinary assessment, fulfill mandatory continuing legal education requirements, and file the trust account disclosure statement.

. During his sworn statement, respondent provided documentary evidence that he filed an affidavit of small succession with the Louisiana Department of Revenue. He did not file the succession in the district court because he did not think he needed to do so. He also acknowledged receiving all of the settlement documents from Mr. Castille. However, he claimed that, before he was able to return them to Mr. Castille and file the motion to dismiss with the court, he “took sick.”

. During his sworn statement, respondent claimed that, after the answer was filed, Mr. Turner instructed him not to do anything else on the case because he and his wife were moving to Georgia where Mr. Turner believed they would be judgment proof. Respondent informed Mr. Turner that was not true, but Mr. Turner still instructed him to take no further action in the case. Respondent asserted that he failed to confirm Mr. Turner's instructions in writing because he had been sick at that time and was going to the doctor two or three times a week.

. In July 1995, respondent was admonished for failing to cooperate with the ODC in its investigation. In June 1998, this court suspended respondent for six months, fully deferred, subject to one year of probation with conditions, for neglecting a legal matter and settling the resulting malpractice claim directly with the client without advising the client to seek the advice of independent counsel. In re: Dunn, 98-0535 (La.6/5/98), 713 So.2d 461. Finally, in August 2002, respondent was admonished for engaging in the practice of law while ineligible to do so.

. Respondent subsequently filed a motion to recall the deemed admitted order and sought a remand of the matter for a hearing, asserting that he suffers from health problems. Respondent did not submit any documentary evidence in support of his motion. The disciplinary board denied the motion.